# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00593-SCT

*CHILDREN'S MEDICAL GROUP, P. A.*

*v.*

*ROBERT PHILLIPS, INDIVIDUALLY AND AS NEXT FRIEND AND NATURAL GUARDIAN OF TANNER WADE PHILLIPS AND GRANT RUSSELL PHILLIPS, MINORS*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/08/2005 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOHN L. LOW |
| | MILDRED M. MORRIS |
| ATTORNEYS FOR APPELLEE: | CHUCK McRAE |
| | WILLIAM B. KIRKSEY |
| | MINOR F. BUCHANAN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 10/26/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     A husband claims in a lawsuit that the medical clinic employing his wife recklessly allowed her and a coworker to engage in an extramarital affair in the workplace and, therefore, is liable to him for alienation of affections. The husband alternatively claims the employer is vicariously liable for its employee's actions. The question presented is whether either claim can survive a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6).

## BACKGROUND FACTS AND PROCEEDINGS

¶2. Robert and Julie Phillips divorced in September 2004. Prior to the divorce, Robert alleges that he discovered Julie was having an affair with Dr. Erwyn E. Freeman, Jr., who was Julie's coworker at Children's Medical Group, P.A. ("CMG"). Robert sued Dr. Freeman[1] and CMG,[2] claiming both were liable for alienating Julie's affections for him.[3] According to Robert's complaint, CMG "knew of and negligently and recklessly allowed the illicit relationship between the Defendant, Erwyn E. Freeman, Jr., and its employee, Julie Rawson Phillips, to be carried on while employed with said Defendant at its office and elsewhere."

¶3. CMG filed a Rule 12(b)(6) motion to dismiss claiming Robert's complaint failed to state a claim upon which relief could be granted. Specifically, CMG argued (1) the tort of alienation of affections requires intentional acts of misconduct, and Robert failed to allege any intentional conduct by CMG; (2) CMG owed no duty to Robert to prevent Dr. Freeman from pursuing a consensual affair with another employee; and (3) CMG was not vicariously liable for its employees' consensual sexual relationships, as those activities were beyond the employees' course and scope of employment.

---

[1] Robert's claims against Dr. Freeman are not at issue in this appeal.

[2] Robert also sued both defendants as next friend of his two minor children.

[3] In *Bland v. Hill*, 735 So. 2d 414, 418 (Miss. 1999), we declined to abolish the common law tort of alienation of affections. However, then Justice Chuck McRae, now one of Robert's counsel, passionately argued for the elimination of this cause of action in his opinion in *Bland*. Justice McRae opined, "[t]he alienation suit is an anachronism which we would do well to rid ourselves of. A wealth of experience has demonstrated that these lawsuits do much more harm to society than good. Our courts should not be in the business of policing broken hearts." *Id.* at 427 (McRae, J., concurring in part and dissenting in part) (footnote omitted).

¶4.    The trial court denied CMG's motion to dismiss.  CMG then sought an interlocutory appeal, which we granted.  *See* M.R.A.P. 5.

## DISCUSSION

¶5.    A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a claim.  ***Stuckey v. Provident Bank***, 912 So. 2d 859, 865 (Miss. 2005).  Therefore, we review de novo the denial of a motion to dismiss for failure to state a claim.  ***Webb v. DeSoto County***, 843 So. 2d 682, 684 (Miss. 2003).  In order to reverse, "it must be such that no set of facts would entitle the opposing party to relief."  ***Ralph Walker, Inc. v. Gallagher***, 926 So. 2d 890, 893 (Miss. 2006); *see also* M.R.C.P. 12(b)(6) cmt. (to grant a Rule 12(b)(6) motion to dismiss, "there must appear to a *certainty* that the plaintiff is entitled to *no relief under any set of facts* that could be proved in support of the claim") (emphasis added).

   **I.    Whether the trial court erred in denying CMG's motion to dismiss for failure to state a claim based on CMG's own conduct.**

¶6.    According to Robert's complaint, CMG committed the common law tort of alienation of affections by "kn[owing] of and negligently and recklessly allow[ing] the illicit relationship between the Defendant, Erwyn E. Freeman, Jr., and its employee, Julie Rawson Phillips, to be carried on while employed with said Defendant at its office and elsewhere."  In order to reverse the trial court's denial of CMG's Rule 12(b)(6) motion to dismiss, we must be able to say, with certainty, that Robert cannot prove *any* set of facts to support his claim.  *See **Little v. Miss. Dep't of Human Servs.***, 835 So. 2d 9, 11 (Miss. 2002); M.R.C.P. 12(b)(6) cmt.

3

¶7.    There is a vast difference between the pleading burden necessary to survive a Rule 12(b)(6) motion to dismiss and the evidentiary requirements necessary to survive a motion for summary judgment under Mississippi Rule of Civil Procedure 56.  A motion to dismiss under Rule 12(b)(6), as opposed to other devices in civil law, contemplates a high degree of speculation by the reviewing court.  In *Stuckey*, we explained the differences between Rule 12 and Rule 56:

> While the two rules provide for dismissal of actions, their bases are completely different.  Accordingly, a Rule 12(b)(6) motion tests legal sufficiency, and in applying this rule 'a motion to dismiss should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim.' *Missala Marine Services, Inc. v. Odom*, 861 So. 2d 290, 294 (Miss. 2003).  Quite differently, Rule 56 tests the notion of well-pled facts and requires a party to present probative evidence demonstrating triable issues of fact.

*Stuckey*, 912 So. 2d at 865-66.  Our inquiry on a Rule 12(b)(6) motion to dismiss is not limited to the specific allegations in Robert's complaint, which we must accept as true. *Poindexter v. S. United Fire Ins. Co.*, 838 So. 2d 964, 966 (Miss. 2003).  We are charged to consider only whether *any* set of facts could support Robert's action for alienation of affections against CMG. *Cook v. Brown*, 909 So. 2d 1075, 1078 (Miss. 2005).

¶8.    According to this Court's opinion in *Walter v. Wilson*, 228 So. 2d 597, 598 (Miss. 1969), *overruled in part on other grounds by Saunders v. Alford*, 607 So. 2d 1214, 1219 (Miss. 1992), "[u]nder the common law a husband is entitled to the services and companionship and consortium of his wife.  When he is wrongfully deprived of these rights, he is entitled to a cause of action against one who has interfered with his domestic relations."  The required elements of an alienation of affections lawsuit include (1) wrongful conduct of

4

the defendant, (2) loss of affection or consortium, and (3) a causal connection between the conduct and the loss. ***Bland v Hill***, 735 So. 2d 414, 417 (Miss. 1999).

¶9.     The "wrongful" conduct necessary to maintain an action for alienation of affections is the direct and intentional interference with the marriage relationship by the defendant. In ***Stanton v. Cox***, 162 Miss. 438, 450, 139 So. 458, 460 (1932), the Court held that:

> it must appear . . . that there had been a *direct interference on the defendant's part*, sufficient to satisfy the jury that the alienation was caused by the defendant, and the burden of proof is on the plaintiff to show such interference. . . . But to maintain this action it must be established that the husband was *induced to abandon the wife by some active interference on the part of the defendant*.

(internal citations omitted; emphasis added). *See also* ***Kirk v. Koch***, 607 So. 2d 1220, 1223 (Miss. 1992) (defendant "directly and intentionally interfered with" plaintiff's marriage, inducing the alienation of affections); ***Martin v. Ill. Cent. R.R.***, 246 Miss. 102, 110-11, 149 So. 2d 344, 348 (1963) (same).

¶10.    It is true that Robert fails to specify CMG's conduct that directly and intentionally interfered with his marriage. However, under our rules, Robert is not required to plead the specific wrongful conduct. At the pleading stage, he is required only to place CMG on reasonable notice of the claims against it and to demonstrate that he has alleged a recognized cause of action upon which, under *some set of facts*, he might prevail. Consequently, in order to succeed in having this case dismissed pursuant to Rule 12(b)(6), CMG must demonstrate that Robert cannot prevail under any set of facts. This is the analysis we must apply. *See* ***Ralph Walker, Inc.***, 926 So. 2d at 893; ***Cook***, 909 So. 2d at 1078; ***Poindexter***, 838 So. 2d at 966; ***Little***, 835 So. 2d at 11.

5

¶11. We are unable to say, as a matter of law, that there are no possible facts which could result in CMG's liability for alienation of affections. Accordingly, we affirm the trial court's denial of CMG's motion to dismiss for failure to state a claim insofar as Robert alleges CMG committed the tort of alienation of affections based on its own actions.

**II.** **Whether the trial court erred in denying CMG's motion to dismiss for failure to state a claim based on the theory of vicarious liability for CMG's employee's actions.**

¶12. In its motion to dismiss, CMG argues that Robert cannot be granted relief against it based on the theory of vicarious liability. The trial court found that a jury should determine whether Dr. Freeman's actions were within the course and scope of his employment, such that Robert could maintain a claim for vicarious liability against CMG. Although these determinations can be highly fact sensitive, some actions are so clearly beyond an employee's course and scope of employment that they cannot form the basis for a claim of vicarious liability, as a matter of law.

¶13. "Under the doctrine of respondeat superior, the master is liable for the acts of his servant which are done in the course of his employment and in furtherance of the master's business." *Sandifer Oil Co. v. Dew*, 220 Miss. 609, 630, 71 So. 2d 752, 758 (1954). Under Section 228 of the Restatement (Second) of Agency:

(1) Conduct of a servant is within the scope of employment if, but only if:

(a) it is of the kind he is employed to perform;
(b) it occurs substantially within the authorized time and space limits;
(c) it is actuated, at least in part, by a purpose to serve the master, and

6

> (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

Restatement (Second) of Agency § 228 (1958); *see also **Commercial Bank v. Hearn***, 923 So. 2d 202, 208 (Miss. 2006). If an employee "deviates or departs from his work to accomplish some purpose of his own not connected with his employment – goes on a 'frolic of his own' – the relation of master and servant is thereby temporarily suspended," and the employer is not vicariously liable. ***Seedkem S., Inc. v. Lee***, 391 So. 2d 990, 995 (Miss. 1980) (citations omitted). *See also **Mabus v. St. James Episcopal Church***, 884 So. 2d 747, 756 (Miss. 2004) (as a matter of law, church not vicariously liable for priest's surreptitious taping of counseling session with parishioner); ***Gulledge v. Shaw***, 880 So. 2d 288, 295 (Miss. 2004) (as a matter of law, bank not vicariously liable for employee's knowing notarization of forged signature); ***Adams v. Cinemark USA, Inc.***, 831 So. 2d 1156, 1159 (Miss. 2002) (as a matter of law, theater not vicariously liable for assault on movie patron).

¶14. In ***Cockrell v. Pearl River Valley Water Supply District***, 865 So. 2d 357, 362 (Miss. 2004), this Court held that a law enforcement officer was outside the scope of his employment when he made romantic advances toward an arrestee. In ***L.T. v. City of Jackson***, 145 F. Supp. 2d 750, 757 (S.D. Miss. 2000), the district court found that a security guard who stopped the female plaintiff in his capacity as a city police officer and had sex

with the woman in exchange for letting her go with a warning was acting outside the course and scope of his employment.

¶15.    Other jurisdictions have specifically found that an employee's affair with a coworker is beyond the course and scope of employment. In ***Jackson v. Righter***, 891 P.2d 1387, 1390 (Utah 1995), the Utah Supreme Court considered a situation in which a jilted husband sued the employer of his wife's paramour. The court found that the employee's romantic advances were "so clearly outside the scope of his employment that reasonable minds cannot differ." ***Id.*** at 1391. *See also* ***Mercier v. Daniels***, 533 S.E.2d 877, 881 (N.C. Ct. App. 2000) (no vicarious liability where workplace affair in no way furthered the business of the employer).

¶16.    The question we must consider is whether Robert can prove any set of facts showing Dr. Freeman's alleged consensual sexual relationship with Robert's wife was within the course and scope of his employment with CMG. We find no such showing can be made. The comment to Section 228 of the Restatement (Second) of Agency explains that "not all physical acts of the kind authorized performed within the time and at the place of service are within the scope of employment, *since only those which the servant does in some part for the purpose of giving service to the master are included*." Restatement (Second) of Agency § 228 cmt. a (emphasis added). It defies reason to argue that engaging in an affair at work or during working hours in any way furthered the business interests of CMG or enhanced the medical care of CMG's pediatric patients.

¶17.    The trial court erred as a matter of law in finding that a claim was stated as to whether Dr. Freeman, in having an alleged consensual affair with a coworker, was acting within the

8

course and scope of his employment with CMG. Robert can prove no set of facts that would entitle him to recover against CMG under a theory of vicarious liability. Therefore, we find the trial court should have granted CMG's Rule 12(b)(6) motion to dismiss this theory.

## CONCLUSION

¶18.    We affirm the trial court's denial of CMG's motion to dismiss with respect to Robert's claim that CMG committed the tort of alienation of affections. Robert is entitled to the opportunity to conduct discovery and present facts that demonstrate when and how CMG committed the tort. Whether Robert demonstrates that triable issues of material fact exist for a jury's consideration is a question for another day.

¶19.    We reverse the trial court's denial of CMG's motion to dismiss on the theory of vicarious liability. This case is remanded to the trial court for further proceedings consistent with this opinion.

¶20.    **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**DIAZ, EASLEY AND RANDOLPH, JJ., AND BARRY, S.J., CONCUR. PARKER S.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND GRAVES, JJ., NOT PARTICIPATING.**

**EUGENE PARKER, JR., SPECIAL JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶21.    I concur with that part of the majority's opinion designated Issue II and would reverse the trial court upon the issue of vicarious liability. Aside from my belief that the antiquated cause of action of alienation of affections should be abolished out right, I respectfully dissent as to Issue I, "whether the trial court erred in denying CMG's motion to dismiss for failure

9

to state a claim based on CMG's own conduct," and would reverse the trial court on this issue. The reasons therefor are varied and multiple.

¶22. Historically, this Court has distinguished the requisite elements of the cause of action between first-party participants (the paramours) versus third-party participants, such as a parent of one of the parties or an employer. In the former case, direct interference by the defendant is required. **Stanton v. Cox**, 162 Miss. 438, 139 So. 458 (1932). But in the latter case, the Court has required a showing of malice. *See* **Tucker v. Tucker**, 74 Miss. 93, 19 So. 955 (1896). All Mississippi cases have required the familiar elements of this tort to coexist, *i.e.*, (1) wrongful conduct of the defendant, (2) loss of affection or consortium, and (3) a causal connection between the conduct and the loss. **Bland v. Hill**, 735 So. 2d 414, 417 (Miss. 1999).

¶23. In the present case, the complaint alleges that CMG "knew of and negligently and recklessly *allowed* the illicit relationship . . . ." (Emphasis added). In my view, the plaintiff has pleaded himself out of court, as respects CMG, as he asserts that CMG "allowed the illicit relationship . . . ." To "allow" in its common usage, and as defined according to Mr. Webster, means "to let do or happen: permit." Webster's II New College Dictionary 30 (Rev. ed. 2001). To "allow" is a passive omission (not an action at all), whereas all case law requires an active intentional interference of the marital relationship. *See* **Kirk v. Koch**, 607 So. 2d 1220 (Miss. 1992); **Gorman v. McMahon**, 792 So. 2d 307 (Miss. Ct. App. 2001). Where in the law is there a stated duty of an employer not to "allow" fornication or even

10

adultery between co-employees? To what measure(s) or expense would the employer be exposed not to "allow" this to occur on or off its premises?

¶24. In my humble view, the majority opinion unnecessarily expands the range of potential defendants to this medieval cause of action, whose only excuse for existence is the antiquity of its ancestry. I respectfully dissent.