IRVING, J.,
for the Court.
¶ 1. AAA Cooper Transportation Company (AAA Cooper) filed suit in the Tippah County Circuit Court against Chuck Parks d/b/a Dillingham Motors (Dillingham Motors) for claims of negligent entrustment and vicarious liability. Dillingham Motors filed a motion for summary judgment, which the circuit court granted. Feeling aggrieved, AAA Cooper appeals and alleges: (1) that the circuit court abused its discretion when it denied AAA Cooper’s motion for additional time to conduct discovery before the circuit court ruled on Dillingham Motors’ motion for summary judgment, and (2) that the circuit court erred in granting summary judgment because there are genuine issues of material fact.
¶ 2. Finding no reversible error, we affirm the judgment of the circuit court.
FACTS
¶ 3. On December 14, 2005, T.C. Poplar purchased a Dodge Avenger from Dilling-ham Motors.[1] On December 20, 2005, at approximately 3:16 a.m., a truck owned by AAA Cooper and operated by one of its employees collided with the Avenger, which was parked with no lights on in the left-hand lane of Highway 72 in Tippah County, Mississippi. At the time of the accident, Poplar was intoxicated.
¶ 4. On March 28, 2007, AAA Cooper filed a complaint against several parties, including Dillingham Motors, alleging that Dillingham Motors was liable under the *911 theories of negligent entrustment and vicarious liability. On September 14, 2007, Dillingham Motors filed a motion for summary judgment against AAA Cooper, asserting that “neither of [AAA Cooper’s] theories [of liability] can be supported by fact or existing Mississippi case law.”
¶ 5. On May 13, 2008, a hearing was held on the motion for summary judgment. During the hearing, AAA Cooper asked the circuit court for time to obtain discovery regarding Taucia Poplar, Poplar’s daughter, before the circuit court ruled on the motion for summary judgment. AAA Cooper claimed that they first learned during Poplar’s deposition, which was taken on January 17, 2008, that Taucia was with Poplar when he purchased the car. AAA Cooper further claimed that Taucia could have provided important information about the purchase of the vehicle as well as facts that could have been helpful in proving their negligent-entrustment claim.
¶ 6. The circuit court granted the motion for summary judgment after finding that no genuine issue of material fact existed. The circuit court also denied AAA Cooper’s request for additional time to perform discovery because “the circuit court [did] not believe there [was] anything that [Taucia] could add to [the case] that would put any liability on [Dillingham Motors] .... ”
¶ 7. Additional facts, as necessary, will be discussed in the analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Request for Additional Discovery

¶ 8. When reviewing a trial court’s ruling on discovery matters, we will not disturb the decision of the trial court “unless there has been an abuse of discretion.” Scoggins v. Baptist Mem’l Hosp.DeSoto, 967 So.2d 646, 648(¶ 8) (Miss.2007) (quoting Earwood, v. Reeves, 798 So.2d 508, 514(¶ 19) (Miss.2001)).
¶ 9. AAA Cooper asserts that the circuit court abused its discretion when it denied AAA Cooper’s request for additional time to conduct discovery. Specifically, AAA Cooper’s attorney, by affidavit, asserted that without additional discovery, he could not respond to the motion for summary judgment. AAA Cooper asserts that it had not yet received Poplar’s response to AAA Cooper’s written discovery requests by the deadline for its response to the motion for summary judgment. AAA Cooper further asserts that during Parks’s deposition, he revealed that he had documents, such as bills of sale, that were never produced for AAA Cooper. AAA Cooper argues that “the [circuit] court did not give [it] a fair opportunity to be diligent to obtain discovery from Taucia Poplar because it postponed the hearing on the motion to amend [the] complaint until after the hearing on the motion for summary judgment.”
¶ 10. AAA Cooper argues that “[generally, a trial court abuses its discretion in denying a party’s motion for additional discovery when the information sought is in the sole possession of the party moving for summary judgment[,]” and cites Prescott v. Leaf River Forest Products, Inc., 740 So.2d 301 (Miss.1999) as support for its position. In Prescott, the appellant claimed that the trial court abused its discretion in denying its motion for continuance, which was based on the assertion that the “motion for summary judgment came at a time when discovery was in the ‘embryonic stages’.... ” Id. at 307(¶ 13). In determining whether a trial court should consider a motion for summary judgment prior to the completion of discovery, the Prescott court stated:
*912 Rule 56(f) [of the Mississippi Rules of Civil Procedure] provides that when a party is unable to produce affidavits to oppose a motion for summary judgment, that party may instead file a motion or affidavit with the court explaining his inability to oppose the motion for summary judgment. In such cases, the court, at its discretion, may, if it finds the reasons offered to be sufficient, postpone consideration of the motion for summary judgment and order among other things that discovery be completed. See 10A Wright, Miller & Kane, Federal Practice and Procedure, § 2728 at 191. The rule itself contemplates that the completion of discovery is, in some instances, desirable before the court can determine whether there is a genuine issue of material fact. See Smith v. H.C. Bailey Companies, 477 So.2d 224 (Miss.1985).
This is especially true where the party seeking to invoke the protections of Rule 56(f) claims the necessary information rests within the possession of the party seeking summary judgment. However, the party resisting summary judgment must present specific facts why he cannot oppose the motion and, must specifically demonstrate “how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant’s showing of the absence of a genuine issue of fact. ” United States v. Little Al, 712 F.2d 133, 135 (5th Cir.1983), (citing Securities & Exchange Commission v. Spence & Green Chemical Co., 612 F.2d 896, 901 (5th Cir.1980)). The party opposing the motion for sum-many judgment may not rely on vague assertions that discovery will produce needed, but unspecified, facts particularly ivhere there was ample time and, opportunity for discovery. Securities & Exchange Commission v. Spence & Green Chemical Co., 612 F.2d 896, 901 (5th Cir.1980); see also, Aviation Specialties, Inc. v. United Technologies Corp., 568 F.2d 1186, 1189 (5th Cir.1978) (failure to conduct discovery where case was on docket for six months bars application of 56(f)). This is so because Rule 56(f) is not designed to protect the litigants who are lazy or dilatory and normally the party invoking Rule 56(f) must show what steps have been taken to obtain access to the information allegedly within the exclusive possession of the other party. 10A Wright, Miller & Kane, Federal Practice & Procedure, § 2741 at 549. Finally, the determination as to the adequacies of the non-movant’s Rule 56(f) affidavits and the decision to grant a continuance or order further discovery rests within the sound discretion of the trial judge and will not be reversed unless his decision can be characterized as an abuse of discretion. Fontenot v. Upjohn Co., 780 F.2d 1190, 1193 (5th Cir.1986).
Id. at 307-08(13) (emphasis added) (quoting Marx v. Truck Renting & Leasing Ass’n, Inc., 520 So.2d 1333, 1343-44 (Miss.1987)).
¶ 11. AAA Cooper argues that there is discovery that it did not have the opportunity to gather. However, AAA Cooper does not demonstrate how the postponement of the ruling on the motion for summary judgment would have enabled it, by discovery, to rebut Dillingham Motors’ showing of the absence of a genuine issue of material fact. Specifically, AAA Cooper does not illustrate how the desired discovery could prove negligent entrustment or vicarious liability. Accordingly, we find no error in the circuit court’s refusal to allow additional time for discovery.

2. Sumnmry Judgment

¶ 12. When reviewing the grant or denial of a motion for summary judgment, an appellate court:
*913 applies a de novo standard of review to the grant or denial of summary judgment by a trial court. Summary judgment is appropriate when the evidence is considered in the light most favorable to the nonmoving party, there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.
Deaton v. Miss. Farm Bureau Cas. Ins. Co., 994 So.2d 164, 167(¶ 6) (Miss.2008) (citations omitted) (quoting Hubbard v. Wansley, 954 So.2d 951, 956(9) (Miss.2007)).
¶ 13. AAA Cooper asserts that the trial court erred in granting summary judgment and that genuine issues of material fact exist. Specifically, AAA Cooper asserts that there is a genuine issue as to whether Poplar was employed by Dilling-ham Motors. AAA Cooper further asserts that there is a genuine issue as to whether Parks, in his capacity as salesman for Dill-ingham Motors, sold Poplar the vehicle and whether title was transferred. AAA Cooper argues that “important documents, which are the best evidence of the alleged sale, were never produced, and Chuck Parks cannot testify that he sold the vehicle to T.C. Poplar when he did not produce the documents.” Lastly, AAA Cooper asserts that there is a genuine issue as to whether Parks used reasonable care in providing a vehicle to Poplar when Parks failed to remove the old tag from the car, failed to provide Poplar with a temporary tag, and failed to check Poplar’s driver’s license.
¶ 14. In its judgment, the circuit court explained its reasons for granting summary judgment:
In the face of a summary judgment motion, the non-movant party may not rest on the assertions of the Complaint but must introduce admissible evidence that would create a genuine issue of material fact for a jury. Plaintiff has failed to do so.
Count 3 of the Complaint alleges negligent entrustment by Chuck Parks d/b/a Dillingham Motors of the 1996 Dodge Avenger to T.C. Poplar. This Court finds that the unconverted indicia of ownership, title, possession and control, as set forth in Hobbs Automotive, Inc. d/b/a Kim’s Chrysler Dodge Jeep Toyota v. Dorsey, 914 So.2d 148, 167 (Miss.2005), rested with T.C. Poplar and not defendant Chuck Parks d/b/a Dillingham Motors. Even if this Court ivere to determine that Chuck Parks d/b/a/ Dill-ingham Motors maintained any form of ownership interest in the vehicle, the record is devoid of any admissible proof of specific acts of negligent entrustment by Chuck Parks d/b/a Dillingham Motors. Accordingly, as a matter of law, Chuck Parks d/b/a Dillingham Motors is entitled to summary judgment on Count 3 of the Complaint alleging negligent entrustment.
Although Count 3 of the Complaint is entitled “Negligent Entrustment,” arguably it also asserts a separate cause of action for the vicarious liability of Chuck Parks d/b/a Dillingham Motors “as T.C. Poplar’s employer.” In both deposition testimony and affidavits T.C. Poplar and Chuck Parks have denied an employer/employee relationship.
Plaintiff has, however, submitted an affidavit of an investigator claiming that Chuck Parks told him that he employed T.C. Poplar. The affidavit, however, makes no reference whatsoever as to the time frame of the averments contained in the affidavits.
Even if the affidavit of [the investigator/ were to create a jury issue as to the employment of T.C. Poplar by Chuck Parks, plaintiff still fails to proffer any proof, and the record is devoid of any *914 proof, supporting an element upon which the plaintiff will bear the burden of proof at trial, namely that Mr. Poplar was “in the course and scope of his employment" with Mr. Parks at 3:16 a.m. on the morning of the accident in question. Without such evidence, this alternate theory of recovery fails also.
(Emphasis added).
¶ 15. As it relates to the negligent-entrustment claim, the circuit court was correct in its finding that the three primary indicia of ownership are title, possession, and control. Dorsey, 914 So.2d at 167(91). In Laurel Yamaha, Inc. v. Freeman, 956 So.2d 897, 903(¶ 22) (Miss.2007) (citing Sligh v. First National Bank of Holmes County, 735 So.2d 963, 970 (Miss.1999)), a case involving a negligent-en-trustment claim against a motorcycle dealership, our supreme court held that a seller, such as Dillingham Motors, cannot be held liable for injuries arising from the use of a good it sold unless it had the right to control the good; where there is no right to control, there is no viable claim of negligent entrustment. The Freeman court further held that once an automobile sales transaction is completed, the dealership no longer has any control over the vehicle. Id. at 903-04 (¶¶ 22-23). In this case, it is clear that Dillingham Motors sold Poplar the Dodge Avenger, and that Poplar had control and possession of the vehicle at the time of the accident.
¶ 16. As it relates to the claim of vicarious liability, our supreme court has stated: “Under the doctrine of respondeat superior, the master is liable for the acts of his servant which are done in the course of his employment and in furtherance of the master’s business.” Children’s Med. Group, P.A. v. Phillips, 940 So.2d 931, 935(¶ 13) (Miss.2006) (quoting Sandifer Oil Co. v. Dew, 220 Miss. 609, 630, 71 So.2d 752, 758 (1954)). The Phillips court further stated:
Under Section 228 of the Restatement (Second) of Agency:
(1) Conduct of a servant is within the scope of employment if, but only if:
(a) it is of the kind he is employed to perform;
(b) it occurs substantially within the authorized time and space limits;
(c) it is actuated, at least in part, by a purpose to serve the master[;] and
(d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.
(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.
Id. (quoting Restatement (Second) of Agency § 228 (1958)). Therefore, even if Poplar was employed by Dillingham Motors, AAA Cooper failed to put forth any evidence to show a key element of all vicarious liability claims — that Poplar was acting within the scope of his employment at the time of his accident.
¶ 17. We agree with the circuit court’s conclusion that no genuine issue of material fact exists as to the claims brought against Dillingham Motors. Accordingly, this issue is without merit.
¶ 18. THE JUDGMENT OF THE TIPPAH COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, ISHEE, ROBERTS, *915 CARLTON AND MAXWELL, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.

. This is evidenced by Parks’s and Poplar's affidavits and by a certificate of title.