IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

NO. 2014-CA-00970-COA

ARVID A. BACKSTROM                                                      APPELLANT

v.

BRIAR HILL BAPTIST CHURCH, INC.                                        APPELLEE

DATE OF JUDGMENT:              06/18/2014
TRIAL JUDGE:                   HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:     RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        W. TERRELL STUBBS
ATTORNEYS FOR APPELLEE:        CHARLES FRANK FAIR BARBOUR
                               JOSEPH E. LOTTERHOS
NATURE OF THE CASE:            CIVIL - TORTS - OTHER THAN PERSONAL
                               INJURY AND PROPERTY DAMAGE
TRIAL COURT DISPOSITION:       GRANTED APPELLEE'S MOTION FOR
                               SUMMARY JUDGMENT
DISPOSITION:                   AFFIRMED - 01/12/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

    BEFORE LEE, C.J., CARLTON AND WILSON, JJ.

    CARLTON, J., FOR THE COURT:

¶1.     Arvid ("Al") Backstrom appeals the Rankin County Circuit Court's order granting

summary judgment in favor of Briar Hill Baptist Church. Al asserts the following

assignments of error: (1) the trial court erred in granting summary judgment on the issues

of respondeat superior and vicarious liability; (2) the trial court erred in granting summary

judgment on the issues of negligent hiring, retention, supervision, and negligence; and (3)

the trial court erred in granting summary judgment as a matter of public policy. Finding no

error, we affirm the trial court's grant of summary judgment in favor of Briar Hill.

## FACTS

¶2.     Al Backstrom and his wife, Amber Backstrom, married in 1997.  Their marriage produced three children.  Al and Amber were members of Briar Hill Baptist Church in Florence, Mississippi.  Justin McLendon served as senior pastor of Briar Hill, and one of his duties as pastor was to provide counseling services to church members.  From August to November 2011, Al sought counseling from Justin.

¶3.     In February 2011, Justin began an extramarital affair with Amber that continued through February 2012.  On November 28, 2011, Al and his counsel informed Briar Hill of the inappropriate relationship between Justin and Amber.  Al also informed Briar Hill of Justin's inappropriate counseling of Al.  Staff from Briar Hill immediately met with Justin that same day, and Justin voluntarily resigned his position as senior pastor.

¶4.     On November 9, 2012, Al filed an amended complaint against Briar Hill and Justin, which included the following claims:  (1) a claim for alienation of affection against Justin, (2) breach of fiduciary duty and malpractice against Justin, (3) negligence against Justin, (4) intentional infliction of emotional distress against Justin, (5) respondeat superior and vicarious liability against Briar Hill, (6) negligent hiring, negligent retention, and negligent supervision against Briar Hill, and (7) negligence against Briar Hill.[1]  On December 9, 2013,

---

[1] On February 2, 2012, Al filed a complaint against Justin and Briar Hill. Al also included John Henry and Crenshaw Baptist Church as defendants in the complaint, but Henry and Crenshaw Baptist Church were later dismissed from the lawsuit.  On September 5, 2012, Briar Hill filed a motion to dismiss or, in the alternative, for summary judgment.  On October 26, 2012, Al filed a motion to amend his complaint.  Al also filed both a response to the motion to dismiss and a memorandum brief on November 2, 2012. Briar Hill filed a motion to strike Al's response and memorandum brief as untimely filed on the same date.  After a hearing, the trial court entered an order on November 9, 2012, granting Briar

Briar Hill filed its motion for summary judgment, alleging no material facts in dispute. Briar Hill also argued that under no set of facts could it be found liable for the actions of its former employee.

¶5. After a hearing held on the matter on March 24, 2014, the trial court entered an order on June 24, 2014, granting Briar Hill's motion for summary judgment. In its order, the trial court explained:

> There has been no summary judgment evidence presented that Briar Hill knew or should have known that [Justin] was unfit to serve as Senior Pastor or that he was prone to the activities complained of by [Al]. Further, no evidence has been presented that Briar Hill knew or should have known of these actions by [Justin] . . . . Under the facts presented, the covert, consensual, sexual relationship between [Justin] and [Al]'s wife, as well as any counseling Justin may have rendered to [Al], which was obviously designed to hide the affair, cannot support any of [Al]'s claims of liability against Briar Hill.

The trial court also entered a subsequent judgment of dismissal with prejudice of Briar Hill pursuant to Mississippi Rule of Civil Procedure 54(b).

¶6. Al now appeals, and we will address his assignments of error as one issue.

## STANDARD OF REVIEW

¶7. In *Parmenter v. J&B Enterprises Inc.*, 99 So. 3d 207, 213 (¶7) (Miss. Ct. App. 2012), this Court recognized that the standard for reviewing a trial court's grant of denial of summary judgment is de novo. The court also stated that

> [s]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. This Court views the facts

---

Hill's motion to dismiss, but granting Al leave to file his amended complaint.

3

in the light most favorable to the nonmovant in determining whether the trial court properly granted summary judgment. The burden of demonstrating that there are no genuine issues of material fact is upon the movant, and the non-moving party must be given the benefit of every reasonable doubt.

. . . When a motion for summary judgment is made and supported as provided in [Mississippi Rule of Civil Procedure] 56, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. . . . Additionally, summary judgment is appropriate where the non-movant fails to establish the existence of an essential element of that party's claim.

*Id*. at (¶¶7-8) (internal citations and quotation marks omitted). *See also* M.R.C.P. 56(c).

## DISCUSSION

¶8.     On appeal, Al argues that the trial court erred by granting summary judgment in favor of Briar Hill. We will address first Al's allegations that the trial court erred in granting summary judgment on the issues of negligent hiring, retention, and supervision.

¶9.     Al submits that Briar Hill was negligent in failing to properly perform a background search on Justin prior to hiring Justin as senior pastor. Al also claims that Briar Hill expressed no concern that Justin failed to disclose his prior position at Richland First Baptist Church, Justin's most recent place of employment.[2] Al asserts that Briar Hill, as a result of its limited background search, failed to discover that Justin had a prior alcohol-related arrest and that Justin had previously committed adultery. Al further claims that Briar Hill failed to have in place any employee policies, any counseling policies, any policies regarding employee sexual misconduct, and any employee handbook, and wholly failed to supervise

---

[2] The record reflects that the pastor-search committee members were aware of this information through outside sources.

4

Justin.

¶10. The record reflects that Briar Hill formed a pastor search committee in February 2010. The Mississippi Baptist Convention Board provided the pastor search committee with information and direction on conducting a pastor search, including but not limited to information on background searches of prospective pastors. The pastor search committee reviewed multiple resumes prior to unanimously agreeing to begin its pursuit of Justin as the senior pastor on April 25, 2010.

¶11. The record shows that Justin had served as the interim pastor at Briar Hill since December 2009. Briar Hill states that Justin held the following three prior positions in the ministry: a volunteer position at Adaton Baptist Church in Starkville, youth minister at Morrison Heights Baptist Church, and senior pastor at Crenshaw Baptist Church. Briar Hill maintains that the pastor search committee checked all references on Justin's resume, plus approximately seventeen additional references. Briar Hill states that it also performed a background check on Justin through Safe Hiring Solutions and Freecreditreport.com, specifically seeking information on his criminal, sexual, driver's license, and credit reports. Briar Hill maintains that no negative report was found or reported. According to Briar Hill, the pastor search committee subsequently set up an interview with Justin and his wife, where Justin was interviewed by the entire pastor search committee on a wide range of topics, which took over two hours.

¶12. Regarding Al's claims of negligent hiring and retention, we recognize that in Mississippi, "an employer will be liable for negligent hiring or retention of his employee

when an employee injures a third party if the employer knew or should have known of the employee's incompetence or unfitness." *Parmenter*, 99 So. 3d at 217 (¶18).[3] "Relatedly, if an employer exercises due care in the hiring of its employees, that employer will not be liable for the injuries of a third party unless that party can prove the employer knew or should have known of the incompetence and unfitness of the employee." *Doe ex rel. Brown v. Pontotoc Cty. Sch. Dist.*, 957 So. 2d 410, 417 (¶16) (Miss. Ct. App. 2007). Thus, "[a] plaintiff must prove the defendant had either actual or constructive knowledge of an employee's incompetence or unfitness before the employer will become liable for the negligent hiring or retention of an employee who injures a third party." *Id.* This Court explained that

> "[a]ctual notice" is defined as notice expressly and actually given . . . while "constructive notice" is defined as information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it.

*Id.* (internal quotation marks omitted) (quoting Black's Law Dictionary 1062 (6th ed.1990)).

¶13.    Briar Hill also asserts that under Mississippi law, an employer is under no "duty to uncover his employees' concealed, clandestine, personal activities." *Baker Donelson Bearman Caldwell & Berkowitz, P.C. v. Seay*, 42 So. 3d 474, 489 (¶45) (Miss. 2010); *see Holmes v. Campbell Props. Inc.*, 47 So. 3d 721, 729 (¶27) (Miss. Ct. App. 2010) ("[S]pecific evidence of an employer's actual or constructive knowledge of its employee's dangerous or violent tendencies is necessary in order to create a genuine issue of material fact on an

---

[3] In *Parmenter*, 99 So. 3d at 217 (¶19), this Court found that the appellant "failed to produce any evidence to show [the employee] had a criminal record or any violent tendencies, and there is nothing to indicate actual or constructive knowledge by [the employer]. Therefore, the issue of negligent hiring [was] without merit."

6

improper training or supervision theory of liability."). Briar Hill maintains that at no point prior to Justin's employment with Briar Hill did the church possess knowledge of any inappropriate counseling given by Justin to anyone or of any inappropriate relationship that Justin may have had with another person.[4] Briar Hill maintains that its first knowledge of any inappropriate counseling given by Justin to Al—or of any inappropriate adulterous relationship on behalf of Justin—came on or about November 28, 2011, when Al and his counsel approached Briar Hill.

¶14. After our review of the record and applicable caselaw, we find that Al failed to show evidence of any negligence by Briar Hill to raise a dispute of material fact as to negligent hiring, supervision, and retention. There is no evidence in the record to show that Justin's prior affair would have been discovered but for some negligence of Briar Hill, or that Briar Hill knew or should have known of a prior affair or unfitness. The record shows that Justin's prior affair arose from a private business relationship of Justin, and not out of his prior pastoral position. The record reflects that Justin claimed to not even recall the name of the woman. Al also fails to present any evidence that such information was known by the prior congregation or reflected on any background check.

¶15. Moreover, "[t]he wrongful conduct necessary to maintain an action for alienation of affections is the direct and intentional interference with the marriage relationship by the defendant." *Children's Med. Grp. P.A. v. Phillips*, 940 So. 2d 931, 934 (¶9) (Miss. 2006).

---

[4] The record reflects that Justin's prior affair occurred two to three years earlier at Justin's former residence. In his deposition, Justin stated that the affair did not involve anyone associated with a church where he worked; rather, he met his former paramour when he attempted to start a side business.

The plaintiff bears the burden of showing that the alienated spouse was induced to abandon the other spouse by some active interference on the part of the defendant. *Id*.; *see Cockrell v. Pearl River Valley Water Supply Dist*., 865 So. 2d 357, 362-63 (¶¶17-18) (Miss. 2004) (finding a law enforcement officer was outside the scope of employment when making romantic advances towards an arrestee).

¶16.    We next turn to examine whether a material factual dispute exists for vicarious liability, based on the doctrine of respondeat superior.  Al argues on appeal that Justin was acting within the scope and authority of his employment as a pastor at Briar Hill when Justin counseled him, and as a result, Briar Hill is vicariously liable, under the doctrine of respondeat superior, for Justin's actions.  Al alleges that Justin breached the expectation of confidentiality regarding his counseling of Al for the purpose of furthering an adulterous affair with Al's wife, Amber.  Al also submits that Justin committed adultery on Briar Hill's property during his regular working hours, and Briar Hill's lack of control, supervision, and policies allowed Justin the opportunity to cause harm.

¶17.    In *Children's Medical Group*, 940 So. 2d at 935 (¶13), the Mississippi Supreme Court discussed an employer's vicarious liability under the doctrine of respondeat superior:

> [T]he master is liable for the acts of his servant which are done in the course of his employment and in furtherance of the master's business.  Under Section 228 of the Restatement (Second) of Agency:
>
> (1) Conduct of a servant is within the scope of employment if, but only if:
>
> > (a) it is of the kind he is employed to perform;
>
> > (b) it occurs substantially within the authorized time and space limits;

8

(c) it is actuated, at least in part, by a purpose to serve the master, and

(d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

*Id*. The *Children's Medical Group* court further explained that "[i]f an employee deviates or departs from his work to accomplish some purpose of his own not connected with his employment—goes on a frolic of his own—the relation of master and servant is thereby temporarily suspended, and the employer is not vicariously liable." *Id*.; *see also Seedkem S. Inc. v. Lee*, 391 So. 2d 990, 995 (Miss. 1980). The supreme court cited Mississippi cases where sexual acts performed by an employee were found to be outside the course and scope of their employment. *Children's Medical Group,* 940 So. 2d at 935 (¶14); *see Cockrell*, 865 So. 2d at 362-63 (¶¶17-18) (law enforcement officer was outside the scope of his employment when he made romantic advances toward an arrestee); *L.T. v. City of Jackson*, 145 F. Supp. 2d 750, 757 (S.D. Miss. 2000) (security guard who stopped the female plaintiff in his capacity as a city police officer and had sex with the woman in exchange for letting her go with a warning was acting outside the course and scope of his employment). In *Children's Medical Group*, 940 So. 2d at 936 (¶15), the supreme court acknowledged that "[o]ther jurisdictions have specifically found that an employee's affair with a coworker is beyond the course and scope of employment."

¶18.    In *Children's Medical Group*, the question before the supreme court was "whether

[the plaintiff] can prove any set of facts showing [the defendant's] alleged consensual sexual relationship with [the plaintiff's] wife was within the course and scope of [the defendant's] employment" as a doctor at a medical clinic. *Id*. at 935-36 (¶16). The supreme court ultimately found that the plaintiff in *Children's Medical Group* failed to show that the defendant's alleged consensual relationship with the plaintiff's wife was within the course and scope of the defendant's employment as a doctor at a medical clinic. *Id*. The court further held: "It defies reason to argue that engaging in an affair at work or during working hours in any way furthered the business interests of [the medical clinic] or enhanced the medical care of [the medical clinic's] pediatric patients." *Id*. Similarly, in *Mabus v. St. James Episcopal Church*, 884 So. 2d 747, 761 (¶29) (Miss. 2004), the supreme court stated that "[u]nder the theory of vicarious liability, the Church . . . may only be held liable for the actions of [its] employee taken within the course and scope of his employment." Accordingly, we find that the record before us fails to raise a dispute of material fact on the issues of respondeat superior and vicarious liability.

¶19.    In *Amato v. Greenquist*, 679 N.E.2d 446, 455 (Ill. App. Ct. 1997), which has similar facts to the case before us, the Illinois Appellate Court held that the plaintiff failed to establish that a church was vicariously liable where a pastor engaged in a sexual relationship with the plaintiff's wife while the pastor counseled the plaintiff. The court stated: "As to the church defendants' liability for [the pastor's] actions . . . , we hold that the complaint fails to allege that the [p]astor's actions in deceiving and otherwise counseling the plaintiff were for anything other than his own benefit." *Id*.

10

¶20. The record reflects that Justin's adulterous actions served his own purposes and were entirely personal acts for his own benefit. *See Berhow v. The Peoples Bank*, 423 F. Supp. 2d 562, 573 (S.D. Miss. 2006); *Commercial Bank v. Hearn*, 923 So. 2d 202, 208-09 (¶¶17, 21) (Miss. 2006). The record reflects no evidence to show that Briar Hill participated in or benefitted from Justin's adulterous actions. As a result, we find no error in the trial court's grant of summary judgment on the issues of respondeat superior and vicarious liability since Al fails to allege that Justin's actions in counseling Al were for any reason other than Justin's own benefit.

¶21. Al also argues for the first time on appeal that the Briar Hill should be held to a higher standard under a public-policy argument. However, because this argument was not raised in the trial court, it is procedurally barred. *Zurich Am. Ins. Co. of Ill. v. Beasley Contracting Co.*, 779 So. 2d 1132, 1134 (¶11) (Miss. Ct. App. 2000) ("Failure to raise the issue in the trial court bars it from being raised for the first time on appeal."). Further, Al failed to cite any authority in support of his public-policy contention; as a result, he is barred from raising this issue on appeal. A party's "failure to cite any authority in support of a claim of error precludes this Court from considering the specific claim on appeal." *Funderburg v. Pontotoc Elec. Power Ass'n*, 6 So. 3d 439, 442 (¶9) (Miss. Ct. App. 2009); M.R.A.P. 28(a)(6).

¶22. After our review, we find that Al failed to establish the existence of a genuine issue of material fact. As a result, we find no error in the trial court's grant of summary judgment in favor of Briar Hill. We therefore affirm the trial court's judgment.

¶23. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE**

11

**APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. FAIR, J., NOT PARTICIPATING.**