# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-CA-01094-SCT

*CHRISTOPHER DOBY AND CHEYVEON DOBY*

*v.*

*SOUTH PARK VILLAGE APARTMENTS, SOUTH PARK MS, LLC, SOUTH PARK MS INVESTMENT, LLC AND MILLENNIA HOUSING MANAGEMENT LTD*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/20/2023 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| TRIAL COURT ATTORNEYS: | JAWANZA KOBIE WATSON |
| | NICHOLAS KANE THOMPSON |
| | MATTHEW D. MILLER |
| | ANDREA BOYLES PACIFIC |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JAWANZA KOBIE WATSON |
| ATTORNEYS FOR APPELLEES: | NICHOLAS KANE THOMPSON |
| | MATTHEW D. MILLER |
| | ANDREA BOYLES PACIFIC |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 05/22/2025 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This case arises from an incident in which Christopher Doby was shot at the South Park Village Apartments in Laurel, Mississippi.  The trial court dismissed the complaint for failure to state a claim upon which relief could be granted under Mississippi Rule of Civil

Procedure 12(b)(6). We hold that the allegations in the complaint, taken as true, are sufficient to state a claim for relief under Mississippi's notice pleading standard and should not have been dismissed at the Rule 12(b)(6) stage as to Christopher Doby. But, because no allegations in the complaint pertain to Cheyveon Doby, we affirm the dismissal of his claims. Therefore, we affirm in part and reverse and remand in part for further proceedings.

**FACTS**

¶2. On or about August 23, 2019, Christopher Doby was shot on the premises of South Park Village Apartments. Subsequently, Christopher and Cheyveon Doby filed suit against South Park Village Apartments, its management company, Millennia Housing Management, and its owners, South Park MS, LLC, and South Park MS Investment, LLC (collectively, "South Park").

¶3. In their complaint, the Dobys alleged that South Park "through its agents, representatives, or employees placed or permitted the above mentioned hazardous condition to exist at the apartments as to cause the injuries and damages complained of in this Complaint." The complaint further alleged that South Park knew or should have known of prior criminal acts that had occurred on the property and that South Park failed to take reasonable measures to prevent future criminal activity. Additionally, the complaint specifically alleged that South Park failed to maintain the premises in a reasonably safe condition, failed to provide adequate security, failed to repair or maintain fences, gates, and locks, and failed to warn tenants and guests of dangerous conditions. And the complaint

2

alleged that Doby was "shot in the abdomen" and suffered injuries "as a direct and proximate result" of the defendants' actions.

¶4.    South Park moved to dismiss under Mississippi Rule of Civil Procedure 12(b)(6), arguing that the complaint failed to plead allegations sufficient to establish liability under the Landowners Protection Act, Mississippi Code Section 11-1-66.1 (Rev. 2019). The trial court granted the motion, finding that the complaint alleged only general negligence and did not contain allegations that South Park affirmatively impelled the third party's conduct. The court also dismissed Cheyveon Doby's claims, noting that the complaint made no specific allegations concerning him. The Dobys filed a motion for reconsideration, which the trial court denied. They now appeal.

### STANDARD OF REVIEW

¶5.    This Court reviews de novo a trial court's grant of a motion to dismiss under Rule 12(b)(6). *Jourdan River Ests., LLC v. Favre*, 212 So. 3d 800, 802 (Miss. 2015) (citing *Cook v. Brown*, 909 So. 2d 1075, 1077-78 (Miss. 2005)).  When reviewing a dismissal under 12(b)(6), allegations in the complaint must be accepted as true.  *Rex Distrib. Co., Inc. v. Anheuser-Busch, LLC*, 271 So. 3d 445, 449 (Miss. 2019) (citing *Pryer v. Gardner*, 247 So. 3d 1245, 1250 (Miss. 2018)).  Dismissal is not appropriate "unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Fid. & Deposit Co. of Md. v. Ralph McKnight & Son Constr., Inc.*, 28 So. 3d 1282,

3

1284 (Miss. 2010) (internal quotation mark omitted) (quoting *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 988 (Miss. 2004)).

## ANALYSIS

¶6.     Since the adoption of the Mississippi Rules of Civil Procedure in 1982, Mississippi has been a "notice pleading" state. *Bluewater Logistics, LLC v. Williford*, 55 So. 3d 148, 157–58 (Miss. 2011); M.R.C.P. 8(a). Under Rule 8(a), a complaint need only contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and, (2) a demand for judgment for the relief to which he deems himself entitled." M.R.C.P. 8(a)(1)-(2).  The rule abandons "any notion of fact pleading" and instead requires that a plaintiff provide "a short and plain statement" that places the defendant on reasonable notice of the claims asserted. *Grantham v. Miss. Dep't of Corr.*, 522 So. 2d 219, 221 (Miss. 1988) (internal quotation mark omitted) (quoting M.R.C.P. 8(a)(1)).  The sufficiency of a complaint must be evaluated not by its technical precision but by whether it gives fair notice of a recognizable claim.

¶7.     This application of the rule has been consistently enforced by this Court since its adoption. *Franklin Cnty. Coop. v. MFC Servs. (A.A.L.)*, 441 So. 2d 1376, 1377 (Miss. 1983) ("'[T]here must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim.' . . . Accordingly, we are of the opinion that the above criteria express the proper principles to be employed in passing upon a motion to dismiss under MRCP 12(b)(6)." (quoting M.R.C.P. 12(b)(6) cmt.)); *Grantham*,

4

522 So. 2d at 221 ("Rule 8(a)(1) by and large [abandons] any notion of fact pleading and requires only that in her complaint a plaintiff provide 'a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." (quoting M.R.C.P. 8(a)(1)); *Little v. Miss. Dep't of Hum. Servs.*, 835 So. 2d 9, 11 (Miss. 2002) ("[I]n order to grant a Rule 12(b)(6) motion to dismiss, there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim."); *Child.'s Med. Grp., P.A. v. Phillips*, 940 So. 2d 931, 934 (Miss. 2006) ("At the pleading stage, [plaintiff] is required only to place [defendant] on reasonable notice of the claims against it and to demonstrate that he has alleged a recognized cause of action upon which, under *some set of facts*, he might prevail."); *J.B. Hunt Transp., Inc. v. Forrest Gen. Hosp.*, 34 So. 3d 1171, 1173 (Miss. 2010) ("In order to affirm an order granting dismissal on a Rule 12(b)(6) motion, . . . [']there must be no set of facts that would allow the plaintiff to proceed to trial.'" (quoting *Wilbourn v. Equitable Life Assurance Soc'y of the U.S.*, 998 So. 2d 430, 435 (Miss. 2008)); *Williford*, 55 So. 3d at 157–58 ("Mississippi has been a 'notice pleading' state since January 1, 1982, when we adopted the Mississippi Rules of Civil Procedure." (citing *Upchurch Plumbing Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1117 (Miss. 2007))); *Jourdan River Ests., LLC*, 212 So. 3d at 803 ("Mississippi is a 'notice-pleadings' state[.]"); *City of Meridian v. $104,960.00 U.S. Currency*, 231 So. 3d 972, 974 (Miss. 2017) ("Further, Mississippi is a 'notice-pleadings' state; fact pleadings are not required." (quoting *Phillips*, 940 So. 2d at 934)).

¶8.     Doby's complaint sufficiently states a claim upon which relief may be granted.  The complaint places the defendants on notice that they are being sued and for what they are being sued.  It asserts a duty, a breach of that duty, which led to damages, and alleges that the defendants' actions were the direct and proximate cause of those damages.  The allegations provide the defendants with "reasonable notice of the claims against [them]" and demonstrate that Doby has "alleged a recognized cause of action upon which, under *some set of facts*, he might prevail."  **Phillips**, 940 So. 2d at 934.

¶9.     The allegations in the complaint which clearly comprise "a recognized cause of action" are as follows:

(1)     Defendants had a "duty to the public, tenants, including the plaintiff, to exercise reasonable care and to maintain the premises in a reasonable safe condition[.]"

(2)     Defendants "breached its duty" by "placing . . . [a] hazardous condition" at the apartments.

(3)     Doby was "shot in the abdomen" and suffered injuries "as a direct and proximate result" of the defendants' actions.

(4)     Five or more felonies occurred on the premises between February of 2018 and June of 2019.

(5)     The apartments were "under the exclusive care, control, and custody of" the defendants "at all times" mentioned in the complaint.

(6)     Doby "in no way . . . contributed to the presence of the hazardous condition causing [the] violent attack."

When taking these allegations as true, as Mississippi courts are required to do, it is clear that a claim has been stated per the requirements of Rule 8(a).  "When considering a motion to

6

dismiss, the allegations in the complaint must be taken as true[.]" ***Henley, Lotterhos &***

***Henley, PLLC v. Bryant***, 361 So. 3d 621, 626 (Miss. 2023) (internal quotation mark omitted)

(quoting ***State v. Bayer Corp.***, 32 So. 3d 496, 502 (Miss. 2010)).  The complaint lays out

duty, breach, causation, and damages.  Moreover, it alleges that South Park breached its duty

by taking affirmative action when it placed a hazardous condition on the property.  *See supra*

¶ 3, ¶ 9.

¶10.    South Park's motion to dismiss relied primarily on Section 11-1-66.1. That statute

limits landowner liability for the willful, wanton, or intentional acts of third parties unless

the plaintiff can prove, among other elements, that the landowner "actively and affirmatively,

with a degree of conscious decision-making, impelled" the conduct of the unknown third

party.  Miss. Code Ann. § 11-1-66.1(2)(b) (Rev. 2019).  Proving, of course, is not done in

the pleadings but in the evidentiary stage.

¶11.    The statute reads that these elements must be proved by a preponderance of the

evidence.  Miss. Code Ann. § 11-1-66.1(2) (Rev. 2019). The plaintiff's burden of proof is

at the evidentiary stage, not at the pleading stage.  A complaint does not prove evidence; it

must simply allege a claim that, under some set of facts, could entitle the plaintiff to relief.

*Williford*, 55 So. 3d at 157–58.  Section 11-1-66.1 sets forth substantive liability standards

to be proved at trial but does not modify the pleading requirements of Rule 8(a).

¶12.    Here, the complaint's allegation that South Park affirmatively "placed" hazardous

conditions on the premises suffices to survive a Rule 12(b)(6) motion. Whether the Dobys

can ultimately prove that South Park "actively and affirmatively impelled" the shooting by a third party is a question for summary judgment or trial but not for a Rule 12(b)(6) dismissal for failure to state a claim. At the pleading stage, it is not necessary for the plaintiff to establish that the defendant impelled the third party's conduct—only that the allegations are sufficient to permit the possibility of doing so.

¶13.    Unlike Christopher Doby, Cheyveon Doby is mentioned only in the caption of the complaint. No allegations in the body of the complaint describe any injury to Cheyveon Doby nor do they assert that he suffered damages distinct from Christopher Doby. As noted, Mississippi law requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" M.R.C.P. 8(a)(1). Because the complaint is silent as to Cheyveon Doby's role, injury, or legal theory of recovery, it fails to give the defendants—or the Court—any basis to determine the nature of his claims. Accordingly, dismissal as to Cheyveon Doby was proper.

**CONCLUSION**

¶14.    The complaint filed by Christopher Doby satisfied Mississippi's longstanding notice pleading requirements and states a claim upon which relief can be granted. The trial court erred by dismissing his claims under Mississippi Rule of Civil Procedure 12(b)(6). The trial court correctly dismissed the claims asserted on behalf of Cheyveon Doby, however, as the complaint contained no allegations pertaining to him.

8

¶15. Accordingly, we reverse the dismissal of Christopher Doby's claims and remand for further proceedings. The trial court's dismissal of all claims asserted on behalf of Cheyveon Doby is affirmed.

¶16. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART**.

**KING AND COLEMAN, P.JJ., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**