# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-IA-01139-SCT

*JOURDAN RIVER ESTATES, LLC, AND
JOURDAN RIVER RESORT AND YACHT CLUB,
LLC*

*v.*

*SCOTT M. FAVRE, CINDY FAVRE AND
JEFFERSON PARKER*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/14/2013 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS, JR. |
| TRIAL COURT ATTORNEYS: | GEORGE W. HEALEY, IV |
| | ROBERT B. WIYGUL |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | GEORGE W. HEALY, IV |
| | REED STANTON BENNETT |
| ATTORNEY FOR APPELLEES: | ROBERT B. WIYGUL |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 06/25/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., PIERCE AND COLEMAN, JJ.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.    Plaintiffs Jourdan Rivers Estates, LLC (JRE) and Jourdan River Resort and Yacht Club (Yacht Club), filed suit for damages in December 2011 against Defendants Scott Favre, Cindy Favre, Jefferson Parker, and CB Partners, LLC d/b/a Cinque Bambini. CB Partners, LLC d/b/a Cinque Bambini was later dismissed from the action without prejudice. The complaint alleged multiple claims against Defendants, including slander of title; slander

and/or defamation; trespass; nuisance; tortious interference with use of property; tortious interference with contractual relationships; harassment and intimidation of plaintiffs' agents and intentional infliction of emotional distress upon plaintiffs' agents; assault upon plaintiffs' agents; willful destruction of plaintiffs' property; negligence; gross, willful, and wanton negligence; malicious prosecution; unjust enrichment (inasmuch as defendants' actions are believed to be motivated, in part, by a desire to increase the value of their own property by using improper means to limit the use of plaintiffs' property); false imprisonment; and any other applicable theory of law giving rise to a cause of action.

¶2.      Defendants subsequently filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure.  The circuit court granted the motion in part and denied it in part.  The circuit court dismissed all of Yacht Club's claims in relation to the claim(s) that Defendants made false representations to the Hancock County Board of Supervisors and/or Hancock County employees, finding that such allegations fell under the *Noerr-Pennington* doctrine, expressly adopted by this Court in *Harrah's Vicksburg Corp. v. Pennebaker*, 812 So. 2d 163, 171 (Miss. 2001) (citing *Video Int'l Prod. Inc. v. Warner-Amex Cable Commc'ns, Inc.*, 858 F.2d 1075, 1082 (5th Cir. 1988)).  The circuit court dismissed JRE's claims of slander of title, slander and/or defamation; harassment; assault; and false imprisonment and intentional infliction of emotional distress because each claim constituted an intentional tort and was barred under the statute of limitations.  The circuit court denied Defendants' motion to dismiss as to JRE's claims for trespass; nuisance; tortious interference with use of property; tortious interference with

2

contractual relationships; willful destruction of property; negligence; gross, willful, and wanton negligence; malicious prosecution; and unjust enrichment.

¶3.     Plaintiffs thereafter petitioned for an interlocutory appeal, which this Court granted. Because we find that Defendants' Rule 12(b)(6) motion should have been converted into a motion for summary judgment, as provided in Rule 56 of the Mississippi Rules of Civil Procedure, we reverse the circuit court's order granting the Rule 12(b)(6) motion and remand for further proceedings.

**DISCUSSION**

¶4.     A motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is reviewed de novo, as it raises an issue of law. *Cook v. Brown*, 909 So. 2d 1075, 1077-78  (Miss. 2005).  "[A] Rule 12(b)(6) motion tests the legal sufficiency of the complaint."  *Id*. at 1078.  Our review is limited to the face of the pleading.  *Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1211 (Miss. 2001).  The allegations in the complaint must be accepted as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim.  *Rose v. Tullos*, 994 So. 2d 734, 737  (Miss. 2008) (citing *Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890, 893 (Miss. 2006)).  The appellate court need "not defer to the trial court's ruling."  *Id*. (quoting *Ralph Walker*, 926 So. 2d at 893).  "In order to affirm an order granting dismissal on a Rule 12(b)(6) motion, . . . there must be no set of facts that would allow the plaintiff to prevail."  *J.B. Hunt Transp., Inc. v. Forrest Gen. Hosp.*, 34 So. 3d 1171, 1173 (Miss. 2010) (quoting *Wilbourn*

3

***v. Equitable Life Assurance Soc'y of the U.S.***, 998 So. 2d 430, 435 (Miss. 2008)).  Also,

Mississippi is a "notice-pleadings" state, which means:

> [U]nder our rules, [the plaintiff] is not required to plead the specific wrongful conduct. At the pleading stage, he is required only to place [the defendant] on reasonable notice of the claims against it and to demonstrate that he has alleged a recognized cause of action upon which, under some set of facts, he might prevail.

***Children's Med. Grp., P.A., v. Phillips***, 940 So. 2d 931, 934 (Miss. 2006).

¶5.     When presented with a Rule 12(b)(6) motion, the only way for the trial court to consider evidence outside the pleadings is to convert the Rule 12(b)(6) motion into a motion for summary judgment. ***Williams v. Mueller Copper Tube Co., Inc.***, 149 So. 3d 527, 529 (Miss. Ct. App. 2014).  Rule 12(c) provides in relevant part that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. . . ."  Whenever a trial judge considers matters outside the pleadings, the Rule 12(b)(6) motion to dismiss must be converted into one for summary judgment, and the judge must give all parties ten days' notice that he is converting the motion. ***Delta MK LLC v. Miss. Transp. Comm'n***, 57 So. 3d 1284, 1289 (Miss. 2011).  "Regardless of how baseless a plaintiff's claim appears to the trial court, our rules require that she be given 10 days notice once a motion to dismiss is converted into a motion for summary judgment." ***Id***. (quoting ***Jones v. Regency Toyota Inc.***, 798 So. 2d 474, 476 (Miss. 2001)).

¶6.     Here, in considering the Rule 12(b)(6) motion, the circuit court did a skilled job in addressing and applying Mississippi law to each individual cause of action pleaded by Plaintiffs in this case.  However, as demonstrated by the Rule 12(b)(6) motion hearing held in this matter, numerous facts were presented to the circuit court that existed outside the pleadings. Accordingly, we find that Defendants' Rule 12(b)(6) motion should have been converted into a motion for summary judgment, as provided by Rule 56.

## CONCLUSION

¶7.     We reverse the circuit court's grant of Defendants' Rule 12(b)(6) motion and remand the matter for further proceedings consistent with this opinion.

¶8.     **REVERSED AND REMANDED**.

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR.**