# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CT-00710-SCT

*CITY OF MERIDIAN, MISSISSIPPI d/b/a EAST
MISSISSIPPI DRUG TASK FORCE*

*v.*

*$104,960.00 U.S. CURRENCY, AND A 2003 FORD
F-150 SUPERCAB TRUCK, VIN
#1FTRX17213NB65899 AND MARIA I. VALLE
CATALAN*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:              04/28/2015
TRIAL JUDGE:                   HON. LESTER F. WILLIAMSON, JR.
COURT FROM WHICH APPEALED:     LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        ANDY DAVIS
ATTORNEYS FOR APPELLEE:        J. STEWART PARRISH
                               JESSICA LEIGH MASSEY
NATURE OF THE CASE:            CIVIL - OTHER
DISPOSITION:                   REVERSED AND REMANDED - 09/28/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1.    The City of Meridian filed a petition for forfeiture under Mississippi Code Sections

41-29-153(a)(5) and/or 41-29-153(a)(7) against Maria Catalan after police found $104,690

in her truck during a traffic stop.  Catalan filed a motion to dismiss for failure to state a claim

under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure, which the Lauderdale

County County Court granted.  The Lauderdale County Circuit Court affirmed.  The City

appealed, and the Court of Appeals affirmed the judgment of the circuit court. *City of Meridian v. $104,960.00 U.S. Currency*, 2016 WL 3906076 (Miss. Ct. App. July 19, 2016). The City petitioned this Court for writ of certiorari.

¶2. Having granted certiorari, we agree with the Court of Appeals' dissent that the City's forfeiture petition satisfies the notice pleading requirements of Rule 8 of the Mississippi Rules of Civil Procedure. We also agree with the Court of Appeals' dissent that in deciding the Rule 12(b)(6) motion, the county court considered matters outside the City's petition. The court also considered matters outside the pleadings for purposes of Rule 12(c), which allows for a judgment on the pleadings. In doing so, the county court in effect converted the Rule 12(b)(6) and/or 12(c) motion into a motion for summary judgment, as provided in Rule 56 of the Mississippi Rules of Civil Procedure. Rule 56(c) of the Mississippi Rules of Civil Procedure requires at least ten days' notice to both parties that the court is converting the motion, which did not occur in this instance. Accordingly, we reverse the judgment of the Court of Appeals as well as the county court's order, and remand the case for further proceedings.

## PROCEDURAL HISTORY

¶3. The Court of Appeals set forth the facts of the case as follows:

> On June 2, 2012, Catalan was pulled over for "tired" driving. A consensual search revealed $104,690 hidden in one of the truck's compartments. No contraband or drugs were found in the truck. Nor was Catalan charged with any criminal offense or even a traffic citation.
>
> A few weeks later, the City filed a petition for forfeiture requesting the forfeiture of Catalan's truck and the $104,690. Catalan filed an answer and a

2

request for production. The City then filed a motion to continue and/or set the case, and the case was set for November 3, 2012.

The case dragged on for over a year with discovery and motions. On August 14, 2013, Catalan filed a motion to dismiss under Rule 12(b)(6). After a hearing, the court granted the motion and ordered the City to return the confiscated money and truck to Catalan. The City appealed to the circuit court, which affirmed the county court's decision. . . .

*City of Meridian*, 2016 WL 3906076, at *1.

¶4.   The Court of Appeals held that, while the City's petition named the currency and truck as items for forfeiture, it failed to state any reason for their forfeiture. *Id*. at *3. "Specifically, the City presented no facts or circumstances to show how the use or intended use of the money and truck violated the Mississippi Uniform Controlled Substances Law." *See id*. (relying on M.R.C.P. 8 cmt., which states, "[a]lthough Rule 8 abolishes many technical requirements of pleadings, it does not eliminate the necessity of stating circumstances, occurrences, and events which support the proffered claim"). Therefore, according to the Court of Appeals, the City failed to meet Rule 8's threshold requirements, and its petition was properly dismissed under Rule 12(b)(6). *Id*.

¶5.   The Court of Appeals also rejected the City's claim that the county court made findings of fact and conclusions of law outside the complaint, which would have converted Catalan's Rule 12(b)(6) motion to dismiss into a motion for summary judgment, and which requires the City be given ten days' notice of the motion for response. *Id*.

¶6.   The Court of Appeals found that, in looking at the county court's order, "it is clear that the court relied solely on the pleadings to find that the City had failed to state a claim

3

upon which relief could be granted." *Id*. According to the Court of Appeals, "[n]o exhibits, affidavits, or other forms of evidence were presented to the court." *Id*.

¶7. We disagree with the Court of Appeals that the City's petition failed to state a claim for purposes of Rule 12(b)(6). We also disagree with the Court of Appeals that the county court did not go outside the petition for purposes of Rule 12(b)(6) or the pleadings for purposes of Rule 12(c) of the Mississippi Rules of Civil Procedure. Based on our review of the record, the county court did do so and effectively treated the motion as one for summary judgment. Accordingly, we must reverse.

## DISCUSSION

¶8. A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted raises an issue of law, which is reviewed de novo. *Jourdan River Estates, LLC v. Favre*, 212 So. 3d 800, 802 (Miss. 2015). The motion tests the legal sufficiency of the complaint, specifically the City's petition for forfeiture in this case. *Id*. Review is limited to the face of the pleading, and allegations must be accepted as true. *Id*. The motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim. *Rose v. Tullos*, 994 So. 2d 734, 737 (Miss. 2008). "There must be no set of facts that would allow the plaintiff to prevail." *J.B. Hunt Transp., Inc. v. Forrest Gen. Hosp.*, 34 So. 3d 1171, 1173 (Miss. 2010) (quoting *Wilbourn v. Equitable Life Assurance Soc'y of the U.S.*, 998 So. 2d 430, 435 (Miss. 2008)). A reviewing court need "not defer to the trial court's ruling." *Favre*, 212 So. 3d at 803 (quoting *Rose*, 994 So. 2d at 737).

4

¶9.     Further, Mississippi is a "notice-pleadings" state; fact pleadings are not required.

***Children's Med. Grp., P.A. v. Phillips***, 940 So. 2d 931, 934 (Miss. 2006). This means:

> [U]nder our rules, [the plaintiff] is not required to plead the specific wrongful
> conduct. At the pleading stage, he is required only to place [the defendant] on
> reasonable notice of the claims against it and to demonstrate that he has
> alleged a recognized cause of action upon which, under some set of facts, he
> might prevail.

***Id***.

¶10.    Here, as the Court of Appeals' dissent found, the City's petition for forfeiture informed Catalan this is "a civil action of the forfeiture of property under the authority of Mississippi Code Annotated sections 41-29-101, et. seq." ***City of Meridian***, 2016 WL 3906076, *3 (Carlton, J., dissenting). The petition says "the property, $104,960 in currency and a 2003 Ford F-150 Supercab truck, VIN # 1FTRX17213NB65899, was lawfully seized on June 2, 2012, [in Lauderdale County, Mississippi] by the East Mississippi Drug Task Force and that the City has lawfully retained custody of subject property since seizure." ***Id***. The petition states that "both the currency and the truck were subject to forfeiture under section 41-29-153(b)." ***Id***. It alleges that "the truck and currency have been used, or intended for use, or constituted proceeds in violation of the Mississippi Uniform Controlled Substances Law." ***Id***. And it states that "the truck and currency should be forfeited pursuant to Mississippi Code Annotated sections 41-29-179(4) (Rev. 2013) and 41-29-181(2) (Rev. 2013)." ***Id***.

¶11.    We find that the petition for forfeiture puts Catalan on reasonable notice of the City's claims, and it sufficiently demonstrates that a recognized cause of action exists upon which

5

the City might prevail under some set of facts. The petition describes with specificity the property subject to forfeiture and provides when, where, and why it was seized. And if, as the City alleges, the currency and truck have been used, or were intended for use to facilitate any violation of the Mississippi Uniform Controlled Substance Law, then the property is subject to forfeiture under Section 41-29-153. Viewing the petition in the light most favorable to the City, we cannot say it appears beyond reasonable doubt there is no set of facts by which City could prevail in its claim.[1]

¶12. Further, we also agree with the Court of Appeals' dissent that the county court went outside the petition in ruling on Catalan's Rule 12(b)(6) motion. We also find that the county court went outside the pleadings for purposes of Rule 12(c), which allows a party to move for a judgment on the pleadings. Similar to a Rule 12(b)(6) motion, a Rule 12(c) motion is decided on the pleadings alone. *Hartford Cas. Ins. Co. v. Halliburton Co.*, 826 So. 2d 1206, 1210 (Miss. 2001). "If . . . matters outside the pleading are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 . . . ." M.R.C.P. 12(c).

---

[1] We acknowledge that the United States Supreme Court has rejected the "no set of facts" standard for federal cases appraising a Rule 12(b)(6) motion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007) ("The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."). For purposes of our decision in this case, we need not decide whether this Court will adopt the *Twombly* standard.

¶13. In the court's "order on motion to dismiss," the county court found, *inter alia*, that: (1) Catalan was stopped for investigation of "tired" driving and "gave permission for the officers to search the vehicle"; (2) officers conducted a "very detailed search," and found the currency "in a hidden compartment of the truck"; (3) law enforcement maintained that Catalan "denied ownership of the currency" when it was seized and Catalan, through counsel, subsequently "claim[ed] ownership of the truck as well as the confiscated money" in her answer(s) to the City's petition; (4) following a motion to compel filed by the City to require Catalan to supply a more detailed and specific answer to interrogatories and request for production of documents, the county court held that Catalan "had a right to assert her Fifth Amendment Privileges[.]"

¶14. Based on our review of the record, the court's order contains a number of facts and/or evidence that are neither contained in the City's petition (for purposes of Rule 12(b)(6)) nor in Catalan's responsive pleading(s) (for purposes of Rule 12(c)). Some of these facts and/or evidence are disputed by the parties and, as the City contends, may be probative with respect to the ultimate question of whether the seized property has been used, or was intended for use, or constitute(s) proceeds in violation of the Mississippi Uniform Controlled Substances Law. *See e.g.*, **One Hundred Seven Thousand Dollars ($107,000.00) U.S. Currency v. State ex rel. Harrison County Sheriff's Dep't**, 643 So. 2d 917, 923 (Miss. 1994) ("forfeiture may be based wholly on circumstantial evidence and inference"); *see also* **United States v. U.S. Currency in the Amount of $119,984.00, More or Less**, 304 F.3d 165, 177 (2d Cir. 2002) (in contrast to a criminal case, if claimants in a civil forfeiture case exercise their Fifth

Amendment rights to avoid discovery, "the Government may be able to obtain an adverse inference based on their refusal to testify").

## CONCLUSION

¶15.    For these reasons, we reverse the county court's order of Rule 12(b)(6) dismissal and/or Rule 12(c) judgment as well as the judgment of the Lauderdale County Circuit Court and remand the case to the county court for further proceedings consistent with this opinion.

¶16.    **REVERSED AND REMANDED**.

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING AND MAXWELL, JJ., CONCUR.  COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHAMBERLIN, J.  ISHEE, J., NOT PARTICIPATING.**

**COLEMAN, JUSTICE, DISSENTING:**

¶17.    The Court of Appeals correctly held that the petition for forfeiture filed by the City of Meridian failed to state a viable claim and affirmed the trial court's dismissal of the petition.  The "no set of facts" test employed by the majority to hold the petition sufficient has for good reason been abandoned by the United States Supreme Court from which the Mississippi Supreme Court adopted it in 1985.  Furthermore, "no set of facts" contradicts another standard, also adopted by the Mississippi Supreme Court for determining the sufficiency of the complaint, that requires that facts supporting the allegations be pleaded.  Because the Supreme Court's reasons for abandoning "no set of facts" are persuasive, and because doing so would resolve the conflict in our own caselaw, I would abrogate "no set of facts" in favor of the current standard of sufficiency established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which is consistent with *Penn National Gaming, Inc. v. Ratliff*, 954 So.

2d 427 (Miss. 2007). In so doing, I would affirm the judgments of the Court of Appeals and the trial court. Accordingly, and with respect, I dissent.

¶18. As noted by the Court of Appeals, the City of Meridian's petition wholly failed to allege facts or circumstances that showed that the money and truck were used or were intended to be used in violation of the Mississippi Uniform Controlled Substances Law. *City of Meridian v. $104,960.00 U.S. Currency*, 2016 WL 3906076, *2 (¶ 9) (Miss. Ct. App. July 19, 2016). Such use or intended use is a prerequisite to forfeiture under Mississippi Code Section 41-29-153(a)(5) and (a)(7), under which the city's petition traveled. Accordingly, even when taking all of the facts alleged in the petition as true, the city cannot seize the property unless, as the majority holds, no facts in support of the necessary element may be pleaded.

¶19. The majority excuses the absence by relying on *Children's Medical Group P.A. v. Phillips*, 940 So. 2d 931, 934 (Miss. 2006), to hold that all that is required in a pleading is that the defendant be put on notice of the type of claim and that allegations of supporting facts are not required. In *Phillips*, an estranged husband sued his wife's co-worker and the employer of his wife and her co-worker for alienation of affections. *Id.* at 932 (¶ 1). The defendants challenged the sufficiency of his claims pursuant to Rule 12(b)(6). *Id.* The *Phillips* Court emphasized the "any set of facts rule," *id.* at 933 (¶ 6), and acknowledged that the "any set of facts" standard required "a high degree of speculation" on the part of the reviewing court. *Id.* at 934 (¶ 7). The *Phillips* Court allowed the claim to proceed and affirmed the denial of the motions to dismiss, writing, "At the pleading stage, [the plaintiff]

9

is required only to place CMG on reasonable notice of the claims against it and to demonstrate that he has alleged a recognized cause of action upon which, under some set of facts, he might prevail." *Id.* at 934 (¶ 10).

¶20. There exist two readily identifiable problems with the majority's continued employment of the "no set of facts" standard in today's case. First, the "no set of facts" standard contradicts other opinions from the Mississippi Supreme Court that followed *Phillips* and require that some facts be pleaded. Second, the United States Supreme Court has wholly abandoned the "no set of facts" standard because, when taken to its extreme, it allows claims to proceed with nothing more alleged than legal conclusions that fall short of the Rule 8 standard of showing entitlement to relief.

¶21. As to the first problem, we have been inconsistent, to say the least, when delineating what a pleading must contain to be sufficient. Contrary to *Phillips*, which handed down in 2006, in *Penn National Gaming, Inc. v. Ratliff*, 954 So. 2d 427 (Miss. 2007), which was an unanimous decision with three justices not participating, the court wrote the following:

> In construing our rules, we sometimes look for guidance to the federal cases, since the Mississippi Rules of Civil Procedure were patterned after the Federal Rules of Civil Procedure. *White v. Stewman*, 932 So. 2d 27, 39 (Miss. 2006) ("federal practice should be our guide when considering questions arising under the Mississippi Rules of Civil Procedure."); *Bourn v. Tomlinson Interest, Inc.*, 456 So. 2d 747, 749 (Miss. 1984). A majority of federal circuits have held that "even under the liberal pleading requirements of Rule 8(a), a plaintiff must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *United States ex rel. Karvelas v. Melrose–Wakefield Hosp.*, 360 F.3d 220, 240 (1st Cir. 2004); *see also Varljen v. Cleveland Gear Co.*, 250 F.3d 426, 429 (6th Cir. 2001) ("To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under

10

some viable legal theory."); ***Carl Sandburg Vill. Condo. Ass'n No. 1 v. First Condo. Dev. Co.***, 758 F.2d 203, 207 (7th Cir. 1985) ( "A complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory.").

***Ratliff***, 954 So. 2d at 432 (¶ 11). The ***Ratliff*** Court held that the plaintiffs failed to allege sufficient facts to support the attempt in their complaint to pierce the corporate veil of a corporate defendant. ***Ratliff***, 954 So. 2d at 432 (¶ 12). "The Ratliffs fail to make any assertion in their complaint that BSL is a mere corporate shell or alter ego of Penn National. The Ratliffs do not allege in their complaint that Penn National has disregarded corporate formalities or has used the corporate form to commit misfeasance." ***Id.*** The ***Ratliff*** standard, which held a case should be dismissed for failing to allege sufficient facts, contradicts and cannot be reconciled to the "no set of facts" standard employed by the ***Phillips*** Court, yet neither case has been overruled.

¶22.     As to the second problem, the Mississippi Supreme Court adopted the standard employed by the majority, that the complaint should not be dismissed unless, beyond a reasonable doubt, no set of facts exists to support it, in ***Stanton & Associates, Inc. v. Bryant Construction Company, Inc.***, 464 So. 2d 499 (Miss. 1985). In doing so, the Court looked to the then-leading federal case ***Conley v. Gibson***, 355 U.S. 41 (1957). ***Stanton & Assoc., Inc.***, 464 So. 2d at 505. However, the United States Supreme Court abrogated ***Conley*** and "no set of facts" in ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007). The ***Twombly*** Court wholly rejected the "literal reading of ***Conley***'s 'no set of facts'" employed by the majority today and, frankly, by the ***Phillips*** Court. ***Twombly***, 550 U.S. at 561. "This "no set of facts" language can be read in isolation as saying that any statement revealing the theory

11

of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings. . . ." *Id.* The *Twombly* Court came not to praise "no set of facts," but to bury it. "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.

¶23.    Two years later, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court provided a standard for factual sufficiency in a complaint that Mississippi would do well to adopt. There, the Court characterized *Twombly* as describing the federal Rule 8 standard as not requiring "detailed factual allegations" but demanding more than "unadorned, the-defendant-harmed-me" accusation. *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint that "tenders 'naked assertions' devoid of 'further factual enhancement'" fails. *Id.* (quoting *Twombly*, 555 U.S. at 557). The *Iqbal* Court continued as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations and quotations to *Twombly* omitted).

¶24. The *Iqbal* Court went on to identify "two working principles" that underlay the *Twombly* opinion. The first, very much applicable to the case *sub judice*, is that the principle requiring courts to accept as true all factual allegations in a complaint does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. As the Court of Appeals pointed out, the City does no more than allege a legal conclusion when it alleges that the assets in question are subject to forfeiture by their owner. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 555 U.S. at 555). Rule 8 of the Federal Rules of Civil Procedure, which remains in pertinent part identical to Mississippi's, "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-679.

¶25. The second working principle, also applicable, is that only a complaint that states a plausible claim for relief survives a Rule 12(b)(6) motion to dismiss. *Id.* at 679. While the determination is "context-specific," when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). In the instant case, the City's petition alleges – but fails to show – that the City is entitled to the property at issue.

¶26. Pursuant to the foregoing reasoning, I would adopt the standard for sufficiency elucidated by the *Twombly* and *Iqbal* Courts and affirm the judgments of the Court of

Appeals and the trial court. In truth, as the law stands in Mississippi today, lawyers filing or responding to Rule 12(b)(6) motions can cite our cases that require facts to be pleaded, *e.g.*, ***Ratliff***, or cases that apply the extreme version of "no set of facts" decried by the ***Twombly*** Court, *i.e., **Phillips***. We have managed to keep both lines of cases alive, despite the fact that they cannot be reconciled. I am persuaded by the ***Twombly*** Court's reasoning in burying "no set of facts." However, as the majority chooses to follow it, the majority should take the step of overruling ***Ratliff*** and other cases that require the pleading of facts to overcome a motion to dismiss.

**CHAMBERLIN, J., JOINS THIS OPINION.**