# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01090-COA

SANDERS HOPKINS, SR., DECEASED, BY AND THROUGH SANDERS HOPKINS, JR., AS REPRESENTATIVE OF THE ESTATE OF SANDERS HOPKINS, SR., AND THE WRONGFUL DEATH BENEFICIARIES OF SANDERS HOPKINS, SR.

APPELLANT

v.

CLC OF BILOXI, LLC D/B/A BILOXI COMMUNITY LIVING CENTER

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/21/2016 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MATTHEW STEPHEN LOTT |
| ATTORNEYS FOR APPELLEE: | JOHN G. WHEELER |
| | MARGARET SAMS GRATZ |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 10/31/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**IRVING, P.J., FOR THE COURT:**

¶1.    Sanders Hopkins Jr. (Sanders), on behalf of Sanders Hopkins Sr.'s estate and as a wrongful-death beneficiary, appeals the decision of the Harrison County Circuit Court, Second Judicial District, dismissing his case against CLC of Biloxi LLC d/b/a Biloxi Community Living Center (CLC). He argues that the court erred in dismissing his case because CLC was added as a defendant prior to the running of the statute of limitations, and

CLC was properly substituted for fictitious defendant John Doe 1.

¶2. Finding no error, we affirm.

FACTS

¶3. Sanders Hopkins Sr. (Hopkins), deceased, was a dialysis patient who received dialysis treatments at Fresenius Medical Care's South Mississippi Kidney Center ("Fresenius") in Biloxi, Mississippi. Hopkins was routinely transported to his dialysis treatments by Mobile One Non-Emergency Transport Service LLC (Mobile One) due to his limited mobility caused by being wheelchair-bound. On or about December 10, 2013, while a passenger of Mobile One, Hopkins fell over in his wheelchair and hit his head. Hopkins was a resident of CLC, and CLC, upon information and belief, supplied the wheelchair in question.

¶4. Sanders alleged that the wheelchair was not properly pushed down the ramp of the van as Hopkins was being moved into the Fresenius facility. A short time later, on the same day that the transportation-van incident occurred, Hopkins again hit his head and immediately began to have a headache associated with the falls. After his return to CLC, he continued to report a headache and was later taken to Biloxi Regional Hospital, where he was diagnosed with a subdural hematoma. Attempts to save him were unsuccessful, and he died on December 12, 2013.

¶5. On March 31, 2015, Sanders filed suit against Mobile One and Fresenius. Prior to filing his suit against Mobile One and Fresenius, Sanders had not asserted or indicated at any point during Hopkins's treatment—or during the subsequent immediate investigation

2

following Hopkins's fall—that CLC had been negligent in its treatment or that CLC's negligence had caused Hopkins, directly or indirectly, to strike his head. However, approximately eleven months after filing the suit against Mobile One and Fresenius, Sanders filed a second amended complaint to add CLC to the lawsuit.

¶6.     Sanders sent a pre-suit notice to CLC on December 17, 2015—two years and five days after Hopkins's death, and he filed his second amended complaint on February 22, 2016. In the amended complaint, Sanders alleged that CLC placed his father in an incorrectly sized wheelchair, which caused the wheelchair to tip over, resulting in his father's injury and ultimately his death. CLC filed a motion to dismiss, asserting that the pre-suit notice did not toll the statute of limitations, and that Sanders's claims against CLC were time-barred. The court granted CLC's motion, and this appeal followed.

## DISCUSSION

¶7.     "The [circuit] court's grant of a motion to dismiss based upon the statute of limitations presents a question of law to which this Court applies de novo review." *Anderson v. R & D Foods Inc.*, 913 So. 2d 394, 397 (¶7) (Miss. Ct. App. 2005).

### I.     *Statute of Limitations*

¶8.     Sanders asserts that CLC should have been a party to the case from the beginning and argues that the statute of limitations was no impediment to CLC being added later. In support of his argument, he directs us to the following quote from *Neglen v. Breazeale*, 945 So. 2d 988, 990 (¶7) (Miss. 2006):

3

The discovery rule tolls the statute of limitations until a plaintiff should have reasonably known of some negligent conduct, even if the plaintiff does not know with absolute certainty that the conduct was legally negligent. In other words, [the] statute of limitations begins to run when the patient can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the medical practitioner.

(Internal citations omitted). Sanders acknowledges that a medical negligence claim for injuries or wrongful death arising out of the course of medical services must be filed within two years "from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered, and, . . . in no event more than seven (7) years after the alleged act, omission or neglect occurred." Miss. Code Ann. § 15-1-36(2) (Rev. 2012). However, he argues that the determinative issue as to whether the statute of limitations had run when he added CLC to the lawsuit hinges upon the date that he could have reasonably discovered the causal connection between CLC's negligence and Hopkins's injuries. He alleges that he could not have known what role CLC played in Hopkins's death—since Hopkins was not in its care and custody at the time of the injury or death—until, at the earliest, Hopkins's medical records were received from CLC in early 2015, and realistically not until the deposition of the van driver for Mobile One was taken on September 14, 2015. Further, Sanders admits that although the injury was clearly known, CLC's negligence was not.

¶9.     Not surprisingly, CLC responds that the trial court was correct in finding that Sanders's claims against CLC were barred by the statute of limitations, and was also correct

4

in dismissing the claims with prejudice. As noted, Sanders filed his seconded amended complaint, which added CLC to the lawsuit, on February 22, 2016. Hopkins's injury occurred on December 10, 2013, and he passed away two days later. CLC argues that the statute of limitations on Sanders's claim expired December 10, 2015, but at the very latest, on December 12, 2015. We agree. Sanders knew on the date of the accident that Hopkins had fallen out of the wheelchair that had been provided for him by CLC. This issue is without merit.

## II. Substitution of Parties

¶10. Mississippi Rule of Civil Procedure 9(h) states:

> When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.

Rule 15(c)(2) of the Mississippi Rules of Civil Procedure provides that "[a]n amendment pursuant to Rule 9(h) . . . relates back to the date of the original pleading." Section 15-1-36(15) states that "[n]o action based upon the health[-]care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." Section 15-1-36(15) also provides that, "[t]his subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name." *Id*.

5

¶11.    Sanders points us to *Davenport*, wherein this Court stated:

> [I]gnorance of the opposing party for fictitious[-]party practice extends beyond mere lack of knowledge of the opposing party's name. Even if the plaintiff knows the true name of the person, he is still ignorant of his name if he lacks knowledge of the facts giving him a cause of action against that person.

*Davenport v. Hertz Equip. Rental Corp.*, 187 So. 3d 194, 199 (¶14) (Miss. Ct. App. 2016) (quoting *Womble By & Through Havard on Behalf of Womble v. Singing River Hosp.*, 618 So. 2d 1252, 1267 (Miss. 1993) (overruled on other grounds). He asserts that he did not sit on his rights, as he was diligent in getting the medical records, diligent in filing the original complaint approximately one year after Hopkins's death, and diligent in obtaining written and oral discovery.

¶12.    CLC responds that the relation-back privilege accorded to an amendment pursuant to Rule 9(h) is inapplicable to this case for two reasons: (1) CLC was known to Sanders when the original complaint was filed, and (2) even if CLC was unknown to Sanders at the time Sanders filed the original complaint or before the statute of limitations ran, it was because Sanders did not exercise due diligence in attempting to gain such knowledge. We agree.

¶13.    Clearly, Sanders was not ignorant to CLC's existence, as Hopkins had been a resident there since 2009. In addition, as the circuit court noted in its order, the medical records revealed that CLC was a potential defendant, as there was a notation in the records that "a Fresenius nurse told the CLC of Biloxi nurse that [Hopkins's] wheelchair might be 'top-heavy'." CLC contends that this is the only information Sanders relied on to bring it into the suit, and that information was available as soon as he obtained the medical records.

6

The circuit court also made the same finding, stating, "[Sanders] admits that the only basis for suing CLC of Biloxi is a nurse's notes[,]" which were available in the medical records at the outset of the case. *See Blailock v. Hubbs*, 919 So. 2d 126, 130 (¶¶9-10) (Miss. 2005).

¶14.    "The relation[-]back privilege provided for fictitious parties under Rule 15(c)(2) requires the plaintiff to actually exercise a reasonably diligent inquiry into the identity of the fictitious party." *Wilner v. White*, 929 So. 2d 315, 323 (¶7) (Miss. 2006) (quoting *Doe v. Miss. Blood Servs. Inc.*, 704 So. 2d 1016, 1019 (¶13) (Miss. 1997)). Sanders was derelict in not adding CLC until after the statute of limitations had run. The identity of CLC was known, and its potential liability was known at the time Sanders filed his original complaint. For the reasons discussed, we find no error in the circuit court's dismissal of Sanders's lawsuit based on the running of the statute of limitations.

¶15.    **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. BARNES AND TINDELL, JJ., NOT PARTICIPATING.**