TINDELL, J., DISSENTING:
 

 ¶ 15. At a minimum, the Blackwells were required to disclose, in general terms, what the Lucases did wrong and when and where the alleged wrong took place.
 
 Ill. Cent. R.R. Co. v. Adams
 
 ,
 
 922 So.2d 787
 
 , 790 (¶ 8) (Miss. 2006). The majority correctly states that the Blackwells have no legal right to an unobstructed view across their neighbors' property. However, the Blackwells' claims, as pled, take issue with the Lucases' alleged spiteful intent and the nuisance created by the placement of the plants and shrubs, not that they are entitled to an unobstructed view. Insomuch as the Blackwells have sought a claim for a spite fence and a private nuisance, it is my opinion that the complaint was sufficiently pled.
 
 [10]
 
 In addition, our appellate courts have repeatedly found it is error for a circuit court to consider matters outside the pleadings without converting the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.
 
 State v. Bayer Corp.
 
 ,
 
 32 So.3d 496
 
 , 503 (¶ 24) (Miss. 2010) ;
 
 see also
 

 Jourdan River Estates LLC v. Favre
 
 ,
 
 212 So.3d 800
 
 , 803 (¶ 5) (Miss. 2015) ;
 
 Wilbourn v. Equitable Life Assurance Soc'y
 
 ,
 
 998 So.2d 430
 
 , 435 (¶ 13) (Miss. 2008). It is apparent from the record that the circuit court, in granting the motion to dismiss, considered factual findings outside the complaint without converting the motion into one for summary judgment. For these reasons I would reverse and remand this case for further proceedings.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., AND WESTBROOKS, J., JOIN THIS OPINION.
 

 While Mississippi has never addressed this issue, other states have determined that, depending on the type of plants and the manner in which they are planted, trees, shrubs, and plants may constitute a structure for purposes of a spite fence.
 
 See
 

 Wilson v. Handley
 
 ,
 
 97 Cal.App.4th 1301
 
 ,
 
 119 Cal.Rptr.2d 263
 
 , 269 (2002) (concluding that a row of trees planted on or near the boundary line between adjoining parcels of land can be a spite fence);
 
 Dowdell v. Bloomquist
 
 ,
 
 847 A.2d 827
 
 , 831 (R.I. 2004) (affirming a court's determination that, based upon the relative positioning of trees on the defendant's land, the trees' towering presence could be considered a spite fence);
 
 MJD Props. LLC v. Haley
 
 ,
 
 189 Wash.App. 963
 
 ,
 
 358 P.3d 476
 
 , 482 (2015) (concluding that a single tree artificially located and planted with spiteful intent might constitute a structure). Like those states, I believe it is conceivable that the shrubs installed by the Lucases could, for all practical purposes, constitute a spite fence.