# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00208-COA

SUSAN DAVIS                                                          APPELLANT

v.

SINGING RIVER HEALTH SYSTEM                                          APPELLEE

DATE OF JUDGMENT:              01/16/2019
TRIAL JUDGE:                   HON. JAMES D. BELL
COURT FROM WHICH APPEALED:     JACKSON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:       WALTER C. MORRISON IV
                               TIM C. HOLLEMAN
ATTORNEYS FOR APPELLEE:        BRETT K. WILLIAMS
                               JASON R. SCHEIDERER
                               A. KELLY SESSOMS III
                               JAMES EVERETT LAMBERT III
NATURE OF THE CASE:            CIVIL - MEDICAL MALPRACTICE
DISPOSITION:                   REVERSED AND REMANDED - 03/03/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE J. WILSON, P.J., TINDELL AND C. WILSON, JJ.

### TINDELL, J., FOR THE COURT:

¶1.     Susan Davis sent a notice of claim and filed suit in the Jackson County Circuit Court against Singing River Health System (Singing River) and Dr. Terrence Millette after receiving a letter from Singing River regarding questions and concerns about Dr. Millette's multiple-sclerosis diagnosis and treatment of his patients.  Dr. Millette and Singing River filed their answer, and Singing River moved to dismiss the complaint, arguing that Davis's claim was barred by the statute of limitations.  The circuit court granted Singing River's motion.  Davis now appeals from the circuit court's judgment.

¶2. Upon review and in light of our holding in *Green v. Singing River Health System*, No. 2019-CA-00207-COA, 2019 WL 7877588 (Miss. Ct. App. Feb. 4, 2020), *petition for cert. filed* (Miss. Feb. 15, 2020), we find that Singing River's letter in November 2016 was insufficient to put Davis on notice of an actionable injury. Therefore, we find it premature for the circuit court to grant Singing River's motion to dismiss, and we reverse and remand the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶3. Davis first became Dr. Millette's patient in 2004 while he was in private practice. In 2010, Dr. Millette diagnosed Davis with multiple sclerosis, and Davis began treatment. On October 1, 2011, Singing River hired Dr. Millette as part of its medical staff, and Davis continued to see Dr. Millette after moving his practice to Singing River. From 2012 to 2016, Dr. Millette continued to treat Davis for multiple sclerosis, which included multiple evaluations each year and several powerful medications consistent with such diagnosis.

¶4. On May 10, 2016, three neurologists at Singing River expressed their concerns to the hospital administration about Millette's pattern of diagnosis and his treatment of patients with multiple sclerosis. This action ultimately led to Singing River's review of Dr. Millette's diagnoses and treatments and to Dr. Millette's departure from Singing River.

¶5. On November 16, 2016, Singing River sent many of its patients, including Davis, a letter from its Chief Executive Officer, Kevin Holland, and its Chief Medical Officer, Dr. Randy Roth. The letter informed Davis (and other patients) that Singing River had undertaken a review of Dr. Millette's diagnoses and treatments of patients with multiple

sclerosis and that Dr. Millette was no longer practicing at Singing River. The letter did not inform Davis that she had been misdiagnosed, but it advised her to contact Singing River to obtain a new doctor and to discuss options for a re-evaluation of her multiple-sclerosis diagnosis. On November 17, 2016, Singing River also released a press statement, which contained much of the same language as its letter to patients.

¶6. To combat all incoming calls regarding this letter and Dr. Millette's medical activity, Singing River prepared a memorandum, dated November 16, 2016, for its staff. The memorandum contained a script with possible questions that patients may have regarding their diagnosis and treatments and answers for medical staff to use when talking to patients. The script included questions and answers such as:

Q: "Does this mean I don't have [multiple sclerosis]?"

A: "Only a physician can make a determination about your health. We have a number of options for a new doctor, either here at our clinic or with other providers in the region. (SCHEDULE APPOINTMENT)[.]"

¶7. Upon receipt of Singing River's letter, Davis contacted Singing River and arranged for a re-evaluation. In May 2017, Davis was evaluated by Dr. William Evans, another neurologist at Singing River. Dr. Evans ultimately confirmed that Davis did not have multiple sclerosis and should not have been treated for it.

¶8. On March 8, 2018, Davis sent Dr. Millette and Singing River a notice of claim and filed her medical-malpractice complaint in the circuit court on July 13, 2018. Singing River filed a motion to dismiss Davis's complaint on October 19, 2018, and an amended motion to dismiss on November 6, 2018. In the motion, Singing River argued that Davis failed to

3

send her notice of claim within the one-year statute-of-limitations period under the Mississippi Tort Claims Act,[1] which they claim expired on November 16, 2017.[2] The circuit court granted Singing River's motion to dismiss, and Davis now appeals.

**STANDARD OF REVIEW**

¶9.     "The circuit court's grant of a motion to dismiss based upon the statute of limitations presents a question of law to which this Court applies de novo review." *Hopkins By and Through Hopkins v. CLC of Biloxi LLC*, 229 So. 3d 742, 743 (¶7) (Miss. Ct. App. 2017) (quoting *Anderson v. R&D Foods Inc.*, 913 So. 2d 394, 397 (¶7) (Miss. Ct. App. 2005)).

**ANALYSIS**

¶10.    On appeal, Davis argues that the circuit court erred when it granted Singing River's motion to dismiss her complaint. Motions to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) test the legal sufficiency of the complaint, and our review of these motions is limited to the face of the pleading. *Jourdan River Estates LLC v. Farve*, 212 So. 3d 800, 802 (¶4) (Miss. 2015). "The allegations in the complaint must be accepted as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of [her] claim." *Id*. at 802-03 (¶4).

¶11.    Singing River's Rule 12(b)(6) motion was based upon the running of the applicable statute-of-limitations period prescribed by the Mississippi Tort Claims Act in Mississippi

---

[1] Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2019).

[2] Dr. Millette presumably did not join Singing River's motion to dismiss based upon his argument of personal immunity under Mississippi Code Annotated section 11-46-7(2) (Rev. 2012).

Code Annotated section 11-46-11 (Rev. 2012). Section 11-46-11(3)(a) requires that all actions against public institutions or entities protected under the Act be filed "within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct . . . ." Plaintiffs, however, must first send a notice of claim to the chief executive officer of the protected entity and then wait the statutorily prescribed ninety-five (95) days from the receipt of the notice of claim before filing their complaints. Miss. Code Ann. § 11-46-11(2)(b) & (3)(a). If the notice of claim is denied or expires, the plaintiff then has an additional ninety (90) days to file suit. Miss. Code Ann. § 11-46-11(3)(b). Singing River contended in its Rule 12(b)(6) motion, and now on appeal, that Davis sent her notice of claim and filed her complaint after her one-year statute-of-limitations period had expired. As such, her complaint should be dismissed.

¶12. The same issues before this Court today were previously addressed in our recent opinion in *Green v. Singing River Health System*, No. 2019-CA-00207-COA, 2019 WL 7877588 (Miss. Ct. App. Feb. 4, 2020), *petition for cert. filed* (Miss. Feb. 18, 2020). In *Green*, Dr. Millette also diagnosed and treated the plaintiff, Green, for multiple sclerosis for several years. *Id*. at *1 (¶3). Green received the same November 16, 2016 letter from Singing River but later learned of her misdiagnosis in May 2017. *Id*. at *2-3 (¶¶5-8). Green sent a "Notice of Claim" letter to Singing River and Dr. Millette on January 30, 2018, and filed suit in the Jackson County Circuit Court on May 29, 2018. *Id*. at *3 (¶9). Singing River successfully moved to dismiss the complaint as time-barred, arguing that its November 16, 2016 letter and press statement regarding Dr. Millette put Green on notice of her possible

5

claim, thereby starting her applicable limitations period. *Id*. at (¶¶10-12). This Court

disagreed, finding that Singing River's letter did not sufficiently put Green on notice of an

actionable injury, thereby beginning her limitations period. *Id*. at *6 (¶24). We therefore

found that the circuit court erroneously granted Singing River's motion to dismiss, and we

reversed and remanded the circuit court's decision.[3] *Id*. at (¶26).

¶13. We find that the same analysis and holding applies in Davis's case. As in *Green*,

Singing River's letter did not sufficiently notice Davis of a possible claim. Nothing in the

record indicates that Davis knew or should have known that she had been misdiagnosed and

should have therefore filed a claim by November 2017. As such, we find it premature at this

stage of litigation to find that Davis's claim was time-barred based upon Singing River's

letter. We therefore find that the circuit court erroneously granted Singing River's motion

to dismiss.[4]

**CONCLUSION**

¶14. Upon review, we find that Singing River's letter was insufficient to put Davis on

notice of an actionable claim in November 2016. The judge prematurely and erroneously

found that Davis's statute of limitations had expired and granted Singing River's motion to

---

[3] For a more detailed analysis, please refer to our "Discussion" section in *Green v. Singing River Health System*, supra.

[4] As in *Green*, Singing River also argues that Davis's notice of claim was technically deficient and did not meet the minimum requirements under Mississippi Code Annotated section 11-46-11(2)(b). However, as we held in *Green*, this issue was not brought before the circuit court and will therefore not be addressed by this court. *See Birrages v. Ill. Cent. R.R. Co.*, 950 So. 2d 188, 194 (¶18) (Miss. Ct. App. 2006).

dismiss.  Accordingly, we reverse the circuit court's judgment and remand this case for further proceedings consistent with this opinion.

¶15.   **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR. LAWRENCE, J., NOT PARTICIPATING.**